THEODORE J. BOUTROUS JR., SBN 132099
tboutrous@gibsondunn.com
ABBEY HUDSON, SBN 266885
ahudson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

PETER S. MODLIN, SBN 151453
pmodlin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Telephone:  415.393.8200
Facsimile:   415.393.8306

THOMAS A. MANAKIDES, SBN 229119
tmanakides@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone:  949.451.3800
Facsimile:   949.451.4220

PETER E. SELEY, *pro hac vice*
pseley@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone:  202.955.8500
Facsimile:   202.467.0539

Attorneys for Defendant THE BOEING COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANDREW VON OEYEN, *et al.*, | CASE NO. 2:19-cv-03955-MWF-FFM |
| Plaintiffs, | **DEFENDANT THE BOEING COMPANY'S RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RELIEF** |
| v. | |
| SOUTHERN CALIFORNIA EDISON COMPANY; EDISON INTERNATIONAL; THE BOEING COMPANY; and DOES 1 through 100, inclusive, | Judge:  Hon. Michael W. Fitzgerald |
| Defendants. | |

Gibson, Dunn &
Crutcher LLP

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

The Boeing Company ("Boeing") respectfully submits this Response to Plaintiffs' Motion for Temporary Relief from the Order Requiring Service of Process of the Operative Complaint Until the Court Decides Whether the Complaint or Amended Complaint Is the Operative Complaint filed by Plaintiffs on July 8, 2019.  ECF No. 37.

As set forth in Boeing's Opposition to Plaintiffs' Motion to Remand, Plaintiffs' failure to serve their amended complaint makes the original complaint operative for purposes of deciding this Court's jurisdiction.  *See* ECF No. 33 at 8-11.  As no fewer than five federal district court decisions have recognized, for purposes of removal, an amended complaint *cannot* be the operative complaint until it has been served.  *See Lewis v. QVC*, No. SACV 17–0287, 2017 WL 1423703, at *3 (C.D. Cal. Apr. 20, 2017); *Noorazar v. BMW of N. Am., LLC*, No. 18-CV-02472, 2019 WL 442477, at *3 (S.D. Cal. Feb. 5, 2019); *Goldberg v. Cameron*, No. 5:15-cv-02556, 2015 WL 5316339, at *3–4 (N.D. Cal. Sept. 11, 2015), *aff'd*, 694 F. App'x 564, 565 (9th Cir. 2017); *Goel v. Coalition Am. Holding Co.*, No. CV 11-2349, 2011 WL 13128299, at *6 (C.D. Cal. May 19, 2011); *Rangel v. Bridgestone Retail Operations*, 200 F. Supp. 3d 1024, 1029 n.2 (C.D. Cal. Aug. 4, 2016).

Plaintiffs accuse Boeing of creating  a "procedural mess," ECF No. 38 at 8, but Plaintiffs' problems are of their own making.  Boeing simply removed the case based on the only complaint Plaintiffs had sent to Boeing—the original complaint.  *See* ECF No. 33 at 6–7.  By contrast, Plaintiffs concede that they filed—but did not serve—an amended complaint cutting allegations of federally-mandated activity.  ECF No. 26-1 at 2.  This was a transparent effort to manipulate jurisdiction and avoid this Court's jurisdiction.  Further attempting to avoid this Court's jurisdiction, ECF No. 37-1 at 5, Plaintiffs now seek an exemption from universally applicable service requirements.

Notwithstanding Plaintiffs' gamesmanship, given the parties' disagreement as to which complaint is operative at this stage of the proceedings, Boeing takes no position

as to whether this Court should temporarily relieve Plaintiffs of their obligation to serve the operative complaint.

Dated:  July 22, 2019                                    GIBSON, DUNN & CRUTCHER LLP


By:  */s/ Thomas A. Manakides*
     Thomas A. Manakides

Attorneys for THE BOEING COMPANY