HOWARTH & SMITH
DON HOWARTH, (SBN 53783)
dhowarth@howarth-smith.com
SUZELLE M. SMITH, (SBN 113992)
ssmith@howarth-smith.com
PAULEEN TRUONG, (SBN 317914)
ptruong@howarth-smith.com
523 West Sixth Street, Suite 728
Los Angeles, California 90014
Telephone: (213) 955-9400
Facsimile: (213) 622-0791

Attorneys for Plaintiffs
ANDREW VON OEYEN, et al.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW VON OEYEN, an individual; EMMANUEL VILLAUME, an individual; DAWN ERICSON, individually and as Trustee of the DAWN NAVARRO ERICSON TRUST; DOMINQUE NAVARRO, an individual; JACK SILVERMAN, an individual; CLAIRE SILVERMAN, an individual; MARIEL SANDOVAL, individually and as parent and natural guardian of S.B.S., a minor; CLIFF HIRSCH, an individual; GLADYS HIRSCH, an individual; ISHC LOMPOC, LLC, a Delaware limited liability company; PAUL ROTHBARD, an individual; and CHELSEA SEGAL, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> SOUTHERN CALIFORNIA EDISON COMPANY; EDISON INTERNATIONAL; THE BOEING COMPANY; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. 2:19-cv-03955 MWF(FFMx) <br><br> First Amended Complaint filed: April 30, 2019 <br><br> Date Removed: May 6, 2019 <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR TEMPORARY RELIEF FROM THE ORDER REQUIRING SERVICE OF PROCESS OF THE OPERATIVE COMPLAINT UNTIL THE COURT DECIDES WHETHER THE COMPLAINT OR AMENDED COMPLAINT IS THE OPERATIVE COMPLAINT** <br><br> Hearing date: August 12, 2019 <br><br> Time: 10:00 a.m. <br><br> Courtroom: 5A <br><br> Assigned to the Honorable Michael W. Fitzgerald |

/ / /

/ / /

The Boeing Company ("Boeing") filed its Response[1] to Plaintiffs' Motion for Temporary Relief from the Order Requiring Service of Process of the Operative Complaint Until the Court Decides Whether the Complaint or Amended Complaint Is the Operative Complaint ("Motion"). However, Boeing's response does not address the issue raised in Plaintiffs' Motion, and simply reasserts that its removal of the unserved complaint was proper.[2]

Boeing claims that it "simply removed the case based on the only complaint Plaintiffs had sent to Boeing—the original complaint."[3] A courtesy copy of a complaint does not constitute service, especially where litigation counsel for Boeing responded that they "are **not** authorized to accept service of the complaint on behalf of Boeing at this time."[4] *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."). Had Plaintiffs' counsel's March 19, 2019 letters enclosing a courtesy copy of the original complaint constituted service, then Boeing's Notice of Removal, filed May 6, 2019, would have been untimely by over two weeks. 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant,

---

[1] Southern California Edison Company and Edison International have not filed a response to Plaintiffs' Motion or any complaint in this matter.
[2] Dkt. 40 at 2.
[3] *Id.*
[4] Exhibit B to the Declaration of Suzelle M. Smith (Smith Decl.), filed concurrently herewith.

through service or otherwise, of a copy of the initial pleading . . . .").

The cases cited by Boeing in its response to Plaintiffs' Motion for the proposition that "an amended complaint *cannot* be the operative complaint until it has been served,"[5] all involved a *served* original complaint and an unserved amended complaint. They are discussed fully in Plaintiffs' Motion to Remand papers.[6] Boeing continues to misapply these cases to a situation involving both *unserved* original and amended complaints, in which the reasoning of those cases does not apply.[7] It is Boeing that is attempting to game the system. On March 19, 2019, Plaintiffs' counsel sent counsel for Boeing a courtesy copy of the original complaint.[8] The next day, March 20, 2019, Boeing's counsel acknowledged receipt of Plaintiffs' courtesy copy and advised that they were not authorized to accept service of process.[9] Boeing then allowed the 30-day removal clock that would have started to run on March 20, 2019, had Boeing accepted service, to expire. On April 30, 2019, with no removal by Boeing and no answer, no service, or acceptance of service, Plaintiffs filed their First Amended Complaint, which was posted for Boeing and anyone else to see on the public state court docket.[10] Only then, on May 6, 2019, less than a week later, Boeing filed its Notice of Removal selecting unilaterally the initial, superseded complaint, while both complaints were on file and no complaint could yet be

---

[5] Dkt. 40 at 2 (emphasis in original).
[6] Dkt. 26-1 at 10-11 n.13; Dkt. 38 at 16-19.
[7] Dkt. 38 at 16-19.
[8] Smith Decl. Ex. A.
[9] Smith Decl. Ex. B.
[10] Smith Decl. at ¶¶ 5-6.

served.[11] On this record, it is clear that Plaintiffs engaged in no "gamesmanship" whatsoever, as Boeing now asserts.[12] It is instead the actions Boeing has taken that undermine the policy of state and federal courts in California, allowing liberal amendment to correct or clarify pleadings, and that give every indication of trying to game the system. *Cloud v. Northrop Grumman Corp.*, 67 Cal. App. 4th 995, 1006 (1998) ("California allows great liberality in the amendment of pleadings . . . ."); *NS Intl Textiles v. Marygold Fashion, Inc.*, No. CV 17-3333-JFW (EX), 2018 WL 1308115, at *1 (C.D. Cal. Jan. 9, 2018) ("[T]he policy favoring amendment [of pleadings] is 'applied with extreme liberality.'"). The Court should not endorse this behavior by permitting Boeing to select the complaint it favors when that complaint was superseded by the "operative complaint" before Boeing took action on either.

Because the Court must decide the preliminary issue of which complaint is "operative" before Plaintiffs can properly take the next step of service, and since Boeing has cited no law supporting the position that the initial complaint is operative when neither it or the amended complaint are served, and in fact "takes no position as to whether this Court should temporarily relieve Plaintiffs of their obligation to serve the operative complaint,"[13] Plaintiffs' Motion should be GRANTED.

/ / /
/ / /
/ / /
/ / /

---

[11] Smith Decl. at ¶¶ 5, 7.
[12] Dkt. 40 at 2.
[13] Dkt. 40 at 2-3.

Dated: July 26, 2019                    Respectfully submitted,
                                        HOWARTH & SMITH

                                        SUZELLE M. SMITH


                                  By:   /s/ Suzelle M. Smith

                                        Suzelle M. Smith
                                        Howarth & Smith
                                        523 West Sixth Street, Suite 728
                                        Los Angeles, California 90014
                                        Telephone: (213) 955-9400
                                        Facsimile: (213) 622-0791
                                        ssmith@howarth-smith.com

                                        Attorneys for Plaintiffs
                                        Andrew von Oeyen, et al.