| | |
|---|---|
| 1 | THEODORE J. BOUTROUS JR., SBN 132099 |
| | tboutrous@gibsondunn.com |
| 2 | ABBEY HUDSON, SBN 266885 |
| | ahudson@gibsondunn.com |
| 3 | GIBSON, DUNN & CRUTCHER LLP |
| | 333 South Grand Avenue |
| 4 | Los Angeles, CA  90071-3197 |
| | Telephone:  213.229.7000 |
| 5 | Facsimile:   213.229.7520 |
| 6 | PETER S. MODLIN, SBN 151453 |
| | pmodlin@gibsondunn.com |
| 7 | GIBSON, DUNN & CRUTCHER LLP |
| | 555 Mission Street, Suite 3000 |
| 8 | San Francisco, CA 94105-0921 |
| | Telephone:  415.393.8200 |
| 9 | Facsimile:   415.393.8306 |
| 10 | THOMAS A. MANAKIDES, SBN 229119 |
| | tmanakides@gibsondunn.com |
| 11 | JOSEPH D. EDMONDS, SBN 297984 |
| | jedmonds@gibsondunn.com |
| 12 | GIBSON, DUNN & CRUTCHER LLP |
| | 3161 Michelson Drive |
| 13 | Irvine, CA  92612-4412 |
| | Telephone:  949.451.3800 |
| 14 | Facsimile:   949.451.4220 |
| 15 | PETER E. SELEY, *pro hac vice* |
| | pseley@gibsondunn.com |
| 16 | GIBSON, DUNN & CRUTCHER LLP |
| | 1050 Connecticut Avenue, N.W. |
| 17 | Washington, DC  11101 |
| | Telephone:  202.955.8500 |
| 18 | Facsimile:   202.467.0539 |
| 19 | Attorneys for Defendant THE BOEING COMPANY |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 22 | ANDREW VON OEYEN, *et al.*, | CASE NO. 2:19-cv-03955-MWF-FFM |
| 23 | Plaintiffs, | **THE BOEING COMPANY'S *EX PARTE* APPLICATION TO STAY ANY ORDER REMANDING THE CASE PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 24 | v. | |
| 25 | SOUTHERN CALIFORNIA EDISON COMPANY; EDISON INTERNATIONAL; THE BOEING COMPANY; and DOES 1 through 100, inclusive, | |
| 26 | | [Declaration of Thomas A. Manakides; [Proposed] Order filed concurrently] |
| 27 | | |
| 28 | Defendants. | |

Gibson, Dunn & Crutcher LLP

TO THE COURT, THE CLERK, AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT The Boeing Company ("Boeing") will and hereby does move this Court for an *ex parte* order staying the effect of any final decision to remand this case to state court, in order to allow Boeing to pursue an appeal, and to allow the Ninth Circuit Court of Appeals the opportunity to meaningfully review any potential remand order. In the alternative, Boeing requests that the Court issue an *ex parte* order granting a temporary stay to allow Boeing time to seek a stay from the Ninth Circuit, should the Court issue an order remanding the case and deny Boeing's request for a stay pending appeal. At a minimum, Boeing requests a temporary stay of the effect of any order remanding this case to allow full briefing on Boeing's request for a stay.

By way of this *ex parte* application, Boeing seeks an order—following the issuance of any potential remand order—staying this proceeding, including staying the Clerk of the Court from mailing any order remanding this case to the Superior Court of the State of California, until final resolution of Boeing's appeal. Absent a stay, potentially unnecessary litigation—including potentially inconsistent rulings, as well as litigation's attendant costs and burdens on the parties and the courts—will proceed in state court even though the Ninth Circuit may issue a ruling effectively nullifying those proceedings. All applicable factors to be considered by this Court weigh in favor of a stay.

Counsel for Boeing notified Plaintiffs' counsel and counsel for Southern California Edison Company and Edison International (collectively "Edison") that it intended to file this application. *See* Manakides Decl. Plaintiffs' counsel stated by phone that they oppose Boeing's requested relief and intend to file an opposition. Edison's counsel stated by phone that they are considering their position.

Pursuant to Local Rule 7–19 the following is the name, address, telephone number, and e-mail address of counsel for Plaintiffs and Edison:

Gibson, Dunn & Crutcher LLP

*Plaintiffs' Counsel*:
Don Howarth
Suzelle M. Smith
523 West Sixth St., Suite 728
Los Angeles, California 90014
(213) 955-9400
DHowarth@howarth-smith.com
SSmith@howarth-smith.com

*Edison's Counsel*:
John C. Houston
Douglas J. Dixon
Andrew K. Walsh
Jennifer Hayden
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
213.788.4340
jhueston@hueston.com
ddixon@hueston.com
jbhayden@hueston.com

This *ex parte* application is based upon this Notice of Application, the Memorandum of Points and Authorities in support of the Application, the Declaration of Thomas A. Manakides, the papers on file in this case, any oral argument that may be heard by the Court, and any other matters that the Court deems appropriate.

Dated:  August 13, 2019

        THEODORE J. BOUTROUS JR.
        ABBEY HUDSON
        PETER S. MODLIN
        THOMAS A. MANAKIDES
        JOSEPH D. EDMONDS
        PETER E. SELEY
        GIBSON, DUNN & CRUTCHER LLP


By:  */s/ Theodore J. Boutrous Jr.*
        Theodore J. Boutrous Jr.

Attorneys for Defendant
THE BOEING COMPANY

# MEMORANDUM OF POINTS AND AUTHORITIES[1]

## I. INTRODUCTION

Plaintiffs' motion to remand involves a question of law on which district courts in California have reached directly conflicting decisions. Unlike most orders remanding a case to state court, a party may appeal where, as here, removal is based in part on the federal officer removal statute, Section 1442. 28 U.S.C. § 1447(d). However, if this Court were to adopt its tentative ruling remanding this case, the state court could immediately begin exercising jurisdiction over the parties as soon as the remand order was mailed. This would force Boeing to engage in costly and potentially wasteful state court litigation before the Ninth Circuit has a chance to resolve this unsettled question. In fact, in the coordinated state court action to which this case would likely be added, the first bellwether trial is scheduled for February 2020, likely before an appeal could be heard or decided. Denying a stay could therefore effectively strip Boeing of its statutory right to appeal and run afoul of the Supreme Court's holding that "the right of removal is absolute for conduct performed under color of federal office." *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981).

Should this Court adopt its tentative order remanding the case to state court, Boeing requests that it stay the effect of that ruling in order to allow Boeing to pursue an appeal. In the alternative, Boeing requests a temporary stay that would allow it to seek a stay from the Ninth Circuit, or at a minimum, to allow full briefing on Boeing's request for a stay.

## II. LEGAL STANDARD

District courts have the inherent power to stay proceedings pending before them. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). This includes the authority to stay remand orders pending appeal. *See, e.g.*, *Manier v. Medtech Prods., Inc.*, 29 F.

---

[1] This application is submitted subject to and without waiver of any defense, affirmative defense, or objection, including insufficient process, or insufficient service of process.

Supp. 3d 1284, 1287 (S.D. Cal. 2014). In deciding whether to enter a stay, courts consider the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (*per curiam*) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). To establish that it is "likely to succeed on the merits," Boeing need show only that its appeal raises "serious legal questions"; it "need not demonstrate that it is more likely than not that [it] will win on the merits." *Id.* at 966–68. The Ninth Circuit also uses the following "essentially interchangeable" formulations for satisfying this prong: a "substantial case on the merits," a "reasonable probability" of success, or a "fair prospect" of success. *Id.* at 967–68. While "[t]he first two factors . . . are the most critical," *Nken*, 556 U.S. at 434, the Ninth Circuit balances each of these factors using a flexible "sliding scale" approach such that "'a stronger showing of one element may offset a weaker showing of another.'" *See Leiva-Perez*, 640 F.3d at 964 (quoting *All for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)).

Moreover, Boeing has a clear right to appeal any remand order because it removed this case under, among other grounds, the Federal Officer Removal Statute, 28 U.S.C. § 1442. ECF No. 1 at 2. While normally "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal," an "order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d); *see Cabalce v. Thomas E. Blanchard & Assocs., Inc.*, 797 F.3d 720, 727 n. 1 (9th Cir. 2015) ("Because this case was removed from state court pursuant to 28 U.S.C. § 1442, we have jurisdiction to review the order remanding the action to state court."). And an appellate court has jurisdiction to review the entire remand order, including the other grounds for removal—namely, the Price-Anderson Act. *See Lu*

*Junhong v. Boeing Co.*, 792 F.3d 805, 811 (7th Cir. 2015); *Decatur Hosp. Auth. v. Aetna Health, Inc.*, 854 F.3d 292, 296 (5th Cir. 2017); *Mays v. City of Flint, Mich.*, 871 F.3d 437, 442 (6th Cir. 2017); *see also* 15A Wright et al., Federal Practice & Procedure § 3914.11 (2d ed.) (updated Apr. 2017) ("Review should . . . be extended to all possible grounds for removal underlying the order.") (surveying the case law on this point).

### III. ARGUMENT

#### A. This Court Should Stay Any Remand Order Pending Appeal

##### 1. Boeing's Appeal Raises Serious Legal Questions

An appeal of the Court's tentative remand order (if adopted) would raise serious legal questions about whether, for purposes of removal, an *unserved* amended complaint can be the operative pleading. Various district courts in California, including the Central District, have squarely held that for purposes of removal, an amended complaint *cannot* be the operative complaint until it has been served. *See Noorazar v. BMW of N. Am., LLC*, No. 18-CV-02472, 2019 WL 442477, at *3 (S.D. Cal. Feb. 5, 2019); *Lewis v. QVC, Inc.*, No. SACV 17–0287, 2017 WL 1423703, at *3 (C.D. Cal. Apr. 20, 2017); *Goldberg v. Cameron*, No. 5:15-cv-02556-RMW, 2015 WL 5316339, at *3–4 (N.D. Cal. Sept. 11, 2015), *aff'd*, 694 F. App'x 564, 565 (9th Cir. 2017); *Goel v. Coalition Am. Holding Co.*, No. CV 11-2349, 2011 WL 13128299, at *6 (C.D. Cal. May 19, 2011). As set forth in Boeing's Opposition to Plaintiffs' Motion to Remand, Plaintiffs failed to serve Boeing with a copy of their Amended Complaint, and therefore, under these precedents, it *cannot* be the operative complaint. ECF No. 33 at 11.

In its tentative ruling to grant Plaintiffs' Motion to Remand, the Court relied on *Borgman v. Insphere Ins.*, which reached a contrary result, holding that "in California at least, an original complaint is superseded at the time the amended pleading is filed, not when it is served." No. 5:12-cv-06352, 2013 WL 1409921, at *3 (N.D. Cal. Apr. 8, 2013). While *Borgman* claimed to rely on California procedural rules, the authority

Gibson, Dunn & Crutcher LLP

6

it cited did not directly address the question of whether an amended complaint that was filed, but not served, was the operative complaint. *See e.g. State Comp. Ins. Fund v. Super. Ct.*, 109 Cal. Rptr. 3d 88, 93 (Ct. App. 2010) (reciting generic language that filing an amended complaint generally supersedes an original complaint). By contrast, the district court opinions in *Noorazar* and *Goldberg* found that an unserved amended complaint was not effective under California Code of Civil Procedure ("CCP"), Sections 471.5 and 472, which expressly require service of amended pleadings. In fact, under CCP Section 472, an amended complaint which is not served by the deadline to answer would not be effective, with the result that the mere filing of an amended complaint could not supersede an initial complaint in the absence of timely service.

In light of this split in district court authority on the controlling legal question, Boeing's anticipated appeal will raise a substantial legal issue for resolution by the Ninth Circuit.

### 2. Boeing Would Suffer Irreparable Harm if the Case Is Remanded Absent a Stay

Once the clerk mails the certified copy of the remand order to the State Court, "[t]he State Court may thereupon proceed with such case." 28 U.S.C. § 1447(c). Absent a stay of the remand order, the parties will therefore proceed simultaneously along at least two tracks: they will brief and argue Boeing's appeal of the remand order in the Ninth Circuit while litigating Plaintiffs' claims in state court which have the first bellwether trial set in early 2020.

In addition, Boeing would be irreparably harmed if it is forced to litigate simultaneously its federal appeal and the remanded state court action. Even if Boeing's appeal were expedited, the proceedings in the Ninth Circuit would consume a substantial period of time. During that time, the state court would undoubtedly rule on various motions such as demurrers and discovery motions. There is a concrete and substantial risk that these motions would be decided differently than they would be in

federal court. For example, the state court may be called upon to adjudicate the validity of Boeing's federal defenses—the very outcome federal officer removal is designed to prevent. *See Arizona v. Manypenny*, 451 U.S. 232, 242 (1981) (federal officer removal "enables the defendant to have the validity of his [federal] defense adjudicated, in a federal forum"). In addition, Plaintiffs may argue that California state courts have different pleading standards than federal courts, raising the possibility that the outcome of a demurrer in state court would be different than a motion to dismiss in federal court. As a result, Boeing could be forced to engage in expensive and burdensome discovery in state court that would have been avoided had the case remained in federal court. There is no way to un-ring the bell as a practical matter because Boeing would be unlikely to recover much (if any) of its discovery costs from the Plaintiffs in this case. Such unrecoverable expenses constitute quintessential irreparable harm. *See Raskas v. Johnson & Johnson,* 2013 WL 1818133, at *2 (E.D. Mo. Apr. 29, 2013); *Citibank, N.A. v. Jackson*, 2017 WL 4511348, at *2 (W.D.N.C. Oct. 10, 2017) (granting motion to stay remand and noting litigation costs would thereby be avoided); *cf. Golden Gate Rest. Ass'n v. City & Cty. of S.F.*, 512 F.3d 1112, 1125 (9th Cir. 2008) (considering "otherwise avoidable financial costs" in irreparable harm analysis).

Moreover, if the Ninth Circuit ultimately were to conclude that Boeing properly removed this action, this Court would have to wrestle with the effects of state court rulings made while the appeal was pending. This would create a "rat's nest of comity and federalism issues" that would need to be untangled if the Ninth Circuit reverses. *Northrop Grumman*, 2016 WL 3346349 at *4. District courts routinely grant motions to stay remand orders pending appeal precisely because of the risk of inconsistent outcomes and other burdens posed by simultaneous state and federal court litigation. *See*, *e.g.*, *id.* at *3 (collecting cases); *Raskas,* 2013 WL 1818133, at *2 (staying remand order due to risk of "inconsistent outcomes if the state court rules on any motions while the case is pending" on appeal); *Dalton v. Walgreen Co.*, 2013 WL 2367837, at

*2 (E.D. Mo. May 29, 2013) (granting stay to guard against "potential of inconsistent outcomes if the state court rules on any motions while the appeal is pending").

### 3. The Issuance of a Stay Will Not Substantially Injure Plaintiffs

Plaintiffs will not be harmed if the Court grants Boeing's application. With a stay in place, Plaintiffs would avoid the same risk of harm from potentially inconsistent outcomes in the remanded state court proceeding as Boeing. *See Raskas*, 2013 WL 1818133 at *2. Similarly, a stay would conserve Plaintiffs' resources—financial and otherwise—by allowing them to litigate Boeing's appeal without being saddled with simultaneous state court litigation. *See Dalton*, 2013 WL 2367837 at *2 ("neither party would be required to incur additional expenses from simultaneous litigation").

Although proceedings in this case would be delayed pending appeal, Plaintiffs' claimed ability to recover damages would not be prejudiced by the delay resulting from a stay. And while "a stay would not permanently deprive [Plaintiffs] of access to state court," Boeing "faces a real chance that its right to meaningful appeal will be permanently destroyed by an intervening state court judgment." *See Northrop Grumman*, 2016 WL 3346349, at *4.

### 4. Public Interest Necessitates a Stay

"[C]onserving judicial resources and promoting judicial economy" is a recognized ground for a stay, and a stay here would prevent the state courts from being burdened by potentially unnecessary litigation. *See Raskas*, 2013 WL 1818133 at *2; *see also United States v. Real Prop. & Improv. Located at 2366 San Pablo Ave., Berkeley, Cal.*, 2015 WL 525711, at *5 (N.D. Cal. Feb. 6, 2015) (there is "a cognizable public interest in promoting judicial economy"); *Citibank,* 2017 WL 4511348 at *3 ("The public has a strong interest in conserving judicial resources by reducing duplicative litigation in state and federal court."). Indeed, where "nightmarish procedural complications arising from parallel proceedings in state and federal court" can be avoided, "the public interest weighs in favor of a stay." *Northrop Grumman*,

2016 WL 3346349, at *4.  Although "a speedy resolution of [Plaintiffs'] lawsuit is in the public's interests" any "resolution of [Plaintiffs'] claim[s] would only be further delayed if the [Ninth Circuit] reverses this Court's remand order and the issues addressed in state court have to be re-litigated in federal court." *Citibank,* 2017 WL 4511348 at *3.  Accordingly, the public interest necessitates a stay.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant this *ex parte* application and stay the action if it enters an order remanding the case.  If the Court decides not to grant a stay pending appeal, Boeing asks that it grant a temporary stay to preserve Boeing's right to seek a stay from the Ninth Circuit before the case is transferred to state court, or in the alternative, grant a temporary stay to allow full briefing on Boeing's request for a stay.

Dated:  August 13, 2019

THEODORE J. BOUTROUS JR.
PETER S. MODLIN
THOMAS A. MANAKIDES
JOSEPH D. EDMONDS
ABBEY HUDSON
PETER E. SELEY
GIBSON, DUNN & CRUTCHER LLP


By: */s/ Theodore J. Boutrous Jr.*
       Theodore J. Boutrous Jr.

Attorneys for Defendant
THE BOEING COMPANY