HOWARTH & SMITH
DON HOWARTH, (SBN 53783)
dhowarth@howarth-smith.com
SUZELLE M. SMITH, (SBN 113992)
ssmith@howarth-smith.com
PAULEEN TRUONG, (SBN 317914)
ptruong@howarth-smith.com
523 West Sixth Street, Suite 728
Los Angeles, California 90014
Telephone: (213) 955-9400
Facsimile: (213) 622-0791

Attorneys for Plaintiffs
ANDREW VON OEYEN, et al.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW VON OEYEN, an individual; EMMANUEL VILLAUME, an individual; DAWN ERICSON, individually and as Trustee of the DAWN NAVARRO ERICSON TRUST; DOMINIQUE NAVARRO, an individual; JACK SILVERMAN, an individual; CLAIRE SILVERMAN, an individual; MARIEL SANDOVAL, individually and as parent and natural guardian of S.B.S., a minor; CLIFFORD HIRSCH, an individual; GLADYS HIRSCH, an individual; ISHC LOMPOC, LLC, a Delaware limited liability company; PAUL ROTHBARD, an individual; and CHELSEA SEGAL, an individual, | ) Case No. 2:19-cv-03955 ) MWF(FFMx) ) ) First Amended Complaint filed: ) April 30, 2019 ) ) Date Removed: May 6, 2019 ) ) **PLAINTIFFS' OPPOSITION TO THE** ) **BOEING COMPANY'S** *EX PARTE* ) **APPLICATION TO STAY ANY ORDER** ) **REMANDING THE CASE** ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| SOUTHERN CALIFORNIA EDISON COMPANY; EDISON INTERNATIONAL; THE BOEING COMPANY; and DOES 1 through 100, inclusive, | ) ) ) ) |
| Defendants. | ) ) ) ) ) ) ) ) |

**TABLE OF CONTENTS**

I.   BOEING'S EX PARTE APPLICATION IS DEFICIENT.................. 1

     A.   Legal Standard.........................................1

II.  APPELLATE COURTS LACK JURISDICTION TO REVIEW REMAND ORDERS
     BASED ON PROCEDURAL DEFECT................................. 2

     A.   Legal Standard.........................................4

     B.   Application............................................5

III. A STAY IS DISFAVORED AND THE MOVING PARTY FACES A HIGH
     BURDEN WHICH DEFENDANT BOEING HAS FAILED TO MEET............ 6

     A.   A Stay Pending Appeal Will Substantially
          Prejudice Plaintiffs...................................6

     B.   There Is No Conflicting Case Law on the Issue of
          Two Unserved Pleadings and Which Is Operative..........8

     C.   Boeing Will Not Suffer Irreparable Harm Absent
          Stay...................................................9

     D.   A Stay Is Against Public Interest.....................12

IV.  CONCLUSION...................................................14

1

## Table of Authorities

2

Cases                                                                Page(s)

3

*Alarcon v. Shim, Inc.*,
  2007 WL 4287336 (N.D. Cal. Dec. 5, 2007) ...................9,10,13

4

*Cabalce v. Thomas E. Blanchard & Assocs., Inc.*,
  797 F.3d 720 (9th Cir. 2015) ...................................4,5

5

6

*Cabalce v. VSE Corp.*,
  922 F. Supp. 2d 1113 (D. Haw. 2013) ...........................4,5

7

8

*Citibank, N.A. v. Jackson*,
  No. 3:16-CV-712-GCM, 2017 WL 4511348 (W.D.N.C. Oct. 10, 2017) . 12

9

*City of Albany v. CH2M Hill, Inc.*,
  2018 WL 1558448 (D. Or. Mar. 30, 2018) ........................ 7

10

11

*Couch v. Telescope Inc.*,
  611 F.3d 629 (9th Cir. 2010) ...................................9

12

13

*Golden Gate Rest. Ass'n v. City & Cty. of San Francisco*,
  512 F.3d 1112 (9th Cir. 2008) ................................. 11

14

*In re Blatter*,
  241 F. App'x 371 (9th Cir. 2007) ........................1,3,4,6

15

16

*In re Caesars Entm't Operating Co., Inc.*,
  588 B.R. 233 (B.A.P. 9th Cir. 2018) ..........................3,5

17

18

*j2 Glob. Commc'ns, Inc. v. Protus IP Sols.*,
  2008 WL 11338136 (C.D. Cal. Sept. 23, 2008) .................. 6

19

*Looney v. Superior Court*,
  16 Cal. App. 4th 521 (1993) .................................. 8

20

21

*Los Angeles Coliseum Commission v. National Football League*,
  634 F.2d 1197 (9th Cir.1980) .................................10, 11

22

23

*Los Angeles Cty. Bar Ass'n v. Eu*,
  979 F.2d 697 (9th Cir. 1992) ................................. 7

24

*Lu Junhong v. Boeing Co.*,
  792 F.3d 805 (7th Cir. 2015) ................................. 3

25

26

*Manier v. Medtech Prod., Inc.*,
  29 F. Supp. 3d 1284 (S.D. Cal. 2014) ........................6,11

27

28

*Mission Power Eng'g Co. v. Cont'l Cas. Co.*,
   883 F. Supp. 488 (C.D. Cal. 1995) ............................... 1

*Nevada v. Hicks*,
   533 U.S. 353 (2001) ........................................... 10

*Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*,
   2016 WL 3346349 (E.D. Va. June 16, 2016) ...................... 13

*Powerex Corp. v. Reliant Energy Servs., Inc.*,
   551 U.S. 224 (2007) ..........................................3,4,5

*Quackenbush v. Allstate Ins. Co.*,
   517 U.S. at 716 (1996) ......................................... 6

*Raskas v. Johnson & Johnson*,
   2013 WL 1818133 (E.D. Mo. Apr. 29, 2013) ...................... 12

*Rice v. Superior Court*,
   136 Cal. App. 3d 81 (Cal. Ct. App. 1982) ......................7,8

*SFA Grp., LLC v. Certain Underwriters at Lloyd's, London*,
   2017 WL 7661481 (C.D. Cal. Jan. 6, 2017) ...................... 7

*United States v. Real Prop. & Improv. Located at 2366 San Pablo*
   *Ave. Berkeley, Cal.*,
   2015 WL 525711 (N.D. Cal. Feb. 6, 2015) ...................... 12

Statutes

28 U.S.C. § 1442..........................................2,3,4

28 U.S.C. § 1443.............................................3

28 U.S.C. § 1447..........................................3,4,5

1   Defendant The Boeing Company ("Boeing") asks the Court, *ex*

2 *parte,* for an emergency order to stay any final order remanding the

3 above-captioned case pending appeal to the Ninth Circuit.  Dkt. 48.

4  Plaintiffs hereby oppose Boeing's *Ex Parte* Application because:

5 (1) Boeing has failed to show proper grounds for *ex parte* relief;

6 (2) removal based on a procedural defect is not subject to

7 appellate review; and, (3) Boeing has not met its burden of

8 establishing extraordinary circumstances necessary for a stay.

9 **I.   BOEING'S *EX PARTE* APPLICATION IS DEFICIENT**

10      **A.   Legal Standard**

11   Boeing's *Ex Parte* Application does not address the legal

12 requirements for *ex parte* relief.  Even in its discussion of why it

13 seeks an immediate stay here (not specifically *ex parte* relief),

14 rather than on noticed motion, it recites only the types of concern

15 that all litigants face, who must follow the regular timing

16 requirements under the rules.[1]  This Court's Standing Order refers

17 parties to *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp.

18 488 (C.D. Cal. 1995), which details the requirements for an *Ex*

19 *Parte* Application as follows:

20      [T]hese hybrid ex parte motions are inherently

21      unfair . . . . This is due primarily to

22      gamesmanship.

23      . . .

24      The judge drops everything except other urgent

25      matters . . . hearings or trials—where a courtroom

26      full of deserving users of the court are waiting—are

27      often interrupted or delayed.

28
─────────────
[1] *See* Dkt. 48 at 7-9.

1          . . .

2          Many ex parte motions are denied . . . because the

3          papers do not show that bypassing the regular

4          noticed motion procedure is necessary.

5          . . .

6          What showing is necessary to justify ex parte

7          relief?  First, the evidence must show that the

8          moving party's cause will be irreparably prejudiced

9          if the underlying motion is heard according to

10         regular noticed motion procedures.  Second, it must

11         be established that the moving party is without

12         fault in creating the crisis that requires ex parte

13         relief, or that the crisis occurred as a result of

14         excusable neglect.

15  *Id.* at 490-92.

16      Boeing has not shown irreparable prejudice as required for *ex

17  parte* relief, as well as for a stay of any remand order, as is

18  discussed below.

19  **II.   APPELLATE COURTS LACK JURISDICTION TO REVIEW REMAND ORDERS**

20         **BASED ON PROCEDURAL DEFECT**

21      Boeing asserts that "[u]nlike most orders remanding a case to

22  state court, a party may appeal where, as here, removal is based in

23  part on the federal officer removal statute, Section 1442."[2]

24  Boeing says it "has a clear right to appeal any remand order

25  because it removed this case under . . . the Federal Office Removal

26  Statute, 28 U.S.C. § 1442."[3]  It states that this gives "an

27  _____

28  [2] Dkt 48 at 4.
    [3] *Id.* at 5.

2

appellate court . . . jurisdiction to review the entire remand order . . . ."[4]  Boeing does not cite any Ninth Circuit case for the proposition that an appeal may be taken where a district court order remands on the basis of a non-reviewable ground, such as a technical defect, which is itself sufficient grounds for remand.[5]

28 U.S.C. § 1447(c) states, in relevant part: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(d) states, "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise."  "The Supreme Court has held that § 1447(d) must be read together with § 1447(c) such that § 1447(d) precludes review only of remands made pursuant

---

[4] *Id.*  Boeing cites *Lu Junhong v. Boeing Co.*, 792 F.3d 805, 811 (7th Cir. 2015), which permitted review of otherwise unappealable grounds for remand, because the District Court, ordering remand, found that Boeing was not a federal officer.  The Court of Appeal affirmed the district court's finding of no federal officer jurisdiction  and further found that "frivolous removal leads to sanctions . . . and after today it would be frivolous for Boeing . . . to invoke § 1442 [federal officer] as a basis of removal."  *Id.* at 813.  However, the Seventh Circuit held that the existence of the federal officer claim, even if invalid, allowed appellate jurisdiction over otherwise unappealable grounds for federal jurisdiction despite section 1447(d).  The reasoning of this case is inconsistent with *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224 (2007) and *In re Caesars Entm't Operating Co., Inc.*, 588 B.R. 233, 240, 241 n.4 (B.A.P. 9th Cir. 2018).
[5] *See* Dkt. 48 at 5-6.

1  to a ground enumerated in § 1447(c)." *In re Blatter*, 241 F. App'x

2  371, 372 (9th Cir. 2007).

3  Boeing is not entitled to an appeal because the Court's

4  tentative ruling here ordered remand based on a procedural defect.

5  *See* Exhibit A to the Declaration of Don Howarth, filed

6  concurrently herewith.

7  **A.   Legal Standard**

8  It is basic that "[t]he authority of appellate courts to

9  review district-court orders remanding removed cases to state court

10  is substantially limited by statute." *Powerex Corp. v. Reliant*

11  *Energy Servs., Inc.*, 551 U.S. 224, 229 (2007). "[A] remand order

12  is not reviewable if (1) the district court lacked subject matter

13  jurisdiction, or (2) the moving party filed a timely motion *raising*

14  *any defect other than* a lack of subject matter jurisdiction." *In*

15  *re Blatter*, 241 F. App'x 371, 373 (9th Cir. 2007) (emphasis added).

16  Here, remand was sought based on the procedural defect that the

17  case was removed based on a non-operative complaint.

18  The district court need not explicitly state that the basis

19  for remand is 28 U.S.C. § 1447(c). *Atl. Nat. Tr. LLC v. Mt. Hawley*

20  *Ins. Co.*, 621 F.3d 931, 935 (9th Cir. 2010) (Court may "look to the

21  substance of the order to determine whether it was issued pursuant

22  to section 1447(c)."). 28 U.S.C. § 1447(d) permits appellate

23  review of cases where the remand was based solely on the

24  inapplicability of the federal officer removal statute.[6]  For

25  _____

26  [6] Boeing cites *Cabalce v. Thomas E. Blanchard & Assocs., Inc.*, 797
F.3d 720, 727 n.1 (9th Cir. 2015) for the proposition that the
Ninth Circuit has "jurisdiction to review" any remand order where

27  the "case was removed from state court pursuant to 28 U.S.C. §
1442." Dkt. 48 at 5. In *Cabalce*, the district court's entire

28  analysis and basis for remand was the federal officer removal

4

1   example, in *Powerex*, 551 U.S. 224, the Supreme Court addressed

2   appellate jurisdiction where cross-defendants removed an action

3   based on several statutes, including federal officer removal.  *Id.*

4   at 227.  The Ninth Circuit reviewed the district court's remand

5   order, which purported to remand on one of the § 1447(c) bases

6   (lack of subject matter jurisdiction), which is not appealable.

7   The Supreme Court "vacate[d] in part the judgment of the Ninth

8   Circuit and remand[ed] the case with instructions to dismiss

9   petitioner's appeal for want of jurisdiction."  *Id.* at 229.  The

10  Court held that the remand need only be "colorably characterized"

11  as based on subject matter jurisdiction to bar review under §

12  1447(d).  *Id.* at 234.

13       The Ninth Circuit has considered § 1447(d) and appellate

14  jurisdiction in the bankruptcy context, holding that if there is a

15  sufficient basis for remand on a non-reviewable ground, there is no

16  appeal.

17            The plain language of 28 U.S.C. § 1447(d) is that a

18            remand order that is based on the grounds set forth

19            in 28 U.S.C. § 1447(c) is not reviewable, period. .

20            . . Because we cannot review the remand orders, we

21            need not consider any alternate basis for remand.

22  *In re Caesars Entm't Operating Co., Inc.*, 588 B.R. 233, 240, 241

23  n.4 (B.A.P. 9th Cir. 2018).

24       **B.   Application**

25       In the present action, the Court's tentative ruling remands

26  the action based on a procedural defect.  Howarth Decl. Ex. A at 6

27  ────────────────────────────────────────────────────

    statute.  *See Cabalce v. VSE Corp.*, 922 F. Supp. 2d 1113 (D. Haw.
28  2013), *aff'd sub nom. Cabalce*, 797 F.3d 720.  *Cabalce* is
    inapplicable on this point here.

                              5

1  ("[T]he Court determines that Boeing removed a non-operative

2  complaint, this alone is sufficient basis for granting the Remand

3  Motion.").  Such an order is non-reviewable under *In re Blatter*.

4  241 F. App'x at 373.  Therefore, the Ninth Circuit lacks appellate

5  jurisdiction over the Court's order and any stay of remand for

6  purposes of seeking an appeal would be meaningless.

7  **III. A STAY IS DISFAVORED AND THE MOVING PARTY FACES A HIGH BURDEN**

8  **WHICH DEFENDANT BOEING HAS FAILED TO MEET**

9      "A stay is proper only in 'extraordinary circumstances.'"  *j2*

10  *Glob. Commc'ns, Inc. v. Protus IP Sols.*, 2008 WL 11338136, at *2

11  (C.D. Cal. Sept. 23, 2008) (citing *Quackenbush*, 517 U.S. at 716).

12  "When considering a motion to stay an order pending appeal, the

13  court looks at (1) whether the movant will suffer irreparable

14  injury without the stay; (2) whether the stay will substantially

15  injure any other party interested in the proceeding; (3) whether

16  the movant has made a strong showing he is likely to succeed on the

17  merits of the appeal; and (4) where the public interest lies."

18  *Manier v. Medtech Prod., Inc.*, 29 F. Supp. 3d 1284, 1287 (S.D. Cal.

19  2014) (denying Defendants' motion to stay remand order pending

20  appeal).

21      **A.   A Stay Pending Appeal Will Substantially Prejudice**

22          **Plaintiffs**

23      Boeing asserts that "Plaintiffs will not be harmed if the

24  Court grants Boeing's application, and in fact would "avoid the

25  risk of harm from potentially inconsistent outcomes" and "would

26  conserve Plaintiffs' resources."[7]  It claims that "Plaintiffs'

27

28

---

[7] Dkt. 48 at 9.

1   claimed ability to recover damages would not be prejudiced by the

2   delay resulting from a stay."[8]

3       Plaintiffs have an interest in preventing further delay

4   following a successful motion to remand. *City of Albany v. CH2M*

5   *Hill, Inc.*, 2018 WL 1558448, at *5 (D. Or. Mar. 30, 2018), *aff'd*,

6   924 F.3d 1306 (9th Cir. 2019); *see also SFA Grp., LLC v. Certain*

7   *Underwriters at Lloyd's, London*, 2017 WL 7661481, at *2 (C.D. Cal.

8   Jan. 6, 2017) ("[A]lthough Defendants' primary argument for a stay

9   is that it would avoid costly and potentially duplicative

10  litigation, their current appeal may be a fruitless exercise,

11  costing the parties time and money that could otherwise be spent

12  litigating the merits.").

13      Plaintiffs are at a significant financial disadvantage as

14  compared to Defendant Boeing.  They have lost their homes and

15  businesses and continue to incur relocation and other expenses.

16  Protracted litigation on tangential issues carries the risk of

17  draining their resources before the case can be litigated on the

18  merits.  Furthermore, Plaintiffs Clifford and Gladys Hirsch are 98

19  and 94 years old, respectively.[9]  "[L]itigation delays in certain

20  circumstances could effectively deprive individual litigants of the

21  ability to vindicate fundamental rights."  *Los Angeles Cty. Bar*

22  *Ass'n v. Eu*, 979 F.2d 697, 707, 707 n.4 (9th Cir. 1992) (noting

23  California's trial preference statute, permitting expedited trial

24  for parties over the age of 70, was created to reduce this

25  possibility); *see also Rice v. Superior Court*, 136 Cal. App. 3d 81,

26  87-88 (Cal. Ct. App. 1982) ("*Francis* held that the purpose of the

27  ───────────────
    [8] *Id.*

28  [9] Declaration of Suzelle M. Smith, filed concurrently herewith, at
    ¶ 4.

1  [trial preference] statute was to protect a substantive right of

2  litigants and therefore must be construed as mandatory to effect

3  that purpose.").

4      A delay in the prosecution of Mr. and Mrs. Hirsch's claims in

5  this case could prevent them from seeing the resolution of their

6  claims and would substantially decrease the measure of damages in

7  their case, as they would no longer be able to testify in person to

8  their property losses and emotional distress.[10]  *See Looney v.*

9  *Superior Court*, 16 Cal. App. 4th 521, 532 (1993) ("[P]reference is

10  not only necessary to assure a party's peace of mind that he or she

11  will live to see a particular dispute brought to resolution but . .

12  . . The party's presence and ability to testify in person and/or

13  assist counsel may be critical to success.").

14      **B.   There Is No Conflicting Case Law on the Issue of Two**

15          **Unserved Pleadings and Which Is Operative**

16      Boeing asserts that "Plaintiffs' motion to remand involves a

17  question of law on which district courts in California have reached

18  directly conflicting conclusions."[11]  It claims, "[v]arious

19  district courts in California, including the Central District, have

20  squarely held that for purposes of removal, an amended complaint

21  cannot be the operative complaint until it has been served."[12]

22  Thus, Boeing concludes that there is a "split in district court

23  authority on the controlling legal question . . . ."[13]

24  / / /

25  _____

26  [10] Due to a total loss of their home and all belongings within,
there is a lack of documentary or other evidence of personal

27  property damages in this case.
[11] Dkt. 48 at 4.

28  [12] *Id.* (emphasis removed).
[13] *Id.* at 7.

1    Boeing made this argument in opposing remand, and it was
2    properly rejected.  There is no conflict, because there is no case
3    holding that where there is an unserved complaint and an unserved
4    amended complaint, the unserved amended complaint does not
5    supersede the earlier unserved complaint.  Howarth Decl. Ex. A. at
6    5 ("[A]ll of the cases Boeing relies on involve a situation in
7    which the original complaint was served but the amended complaint
8    was not.").  As the Court here acknowledged, the reasoning of
9    Boeing's line of cases did not apply "where the original Complaint
10   was not served . . . ."  *Id.*   "Significantly, defendants have not
11   provided a single case that conflicts with the district court's
12   construction or application of [the law]."  *Couch v. Telescope*
13   *Inc.*, 611 F.3d 629, 633 (9th Cir. 2010); *see also Alarcon v. Shim,*
14   *Inc.,* 2007 WL 4287336, at *3 (N.D. Cal. Dec. 5, 2007) ("[T]his
15   Court has broad discretion in deciding whether to remand a case . .
16   . . Given this discretion, it is unlikely the Ninth Circuit would
17   disturb the Court's order on appeal . . . .") (finding defendant
18   failed to prove likelihood of success on the merits for purposes of
19   a motion to stay remand pending appeal). There is no immediate or
20   urgent legal problem based on a conflict which requires a stay
21   because the ruling here would raise a substantial legal issue for
22   resolution by the Ninth Circuit.

23        **C.   Boeing Will Not Suffer Irreparable Harm Absent Stay**
24        Boeing states that it "would be irreparably harmed if it is
25   forced to litigate simultaneously its federal appeal and the
26   remanded state court action."[14]  It claims that "various motions .
27   . . would be decided differently [in state court] than they would

28
---
[14] Dkt. 48 at 7.

1  be in federal court," and that "the state court may be called upon

2  to adjudicate the validity of Boeing's federal defenses."[15]  It

3  asserts that "Boeing could be forced to engage in expensive and

4  burdensome discovery . . . that would have been avoided had the

5  case remained in federal court."[16]  Finally, it cites a case from

6  the Eastern District of Virginia  claiming that "state court

7  rulings made while the appeal [is] pending . . . would create a

8  'rat's nest of comity and federalism issues.'"[17]

9       Claims of injury through expenditure of money, time, or energy

10  are insufficient to prove irreparable harm:

11            As the Ninth Circuit stated: "'[m]ere injuries,

12            however substantial, in terms of money, time and

13            energy necessarily expended ... are not enough.  The

14            possibility that adequate compensatory or other

15            corrective relief will be available at a later date,

16            in the ordinary course of litigation, weighs heavily

17            against a claim of irreparable injury.'"

18  *Alarcon*, 2007 WL 4287336, at *4 (quoting *Los Angeles Coliseum*

19  *Commission v. National Football League*, 634 F.2d 1197, 1202 (9th

20

---

21  [15] *Id.* at 7-8.  Boeing cites no binding authority for its
    proposition that a potentially different outcome on motions filed

22  in the state court is grounds for a stay.  Further, as set forth in
    the briefing on Plaintiffs' Motion to Remand, Boeing cannot assert

23  a single colorable federal defense to shield itself from liability
    for poor vegetation management and failure to maintain electrical

24  equipment, which started the Woolsey Fire.  *See Alarcon*, 2007 WL
    4287336, at *5 ("[T]he state courts are fully prepared to

25  adjudicate plaintiffs' federal claim, as well as any federal
    defenses defendants may raise, *Nevada v. Hicks*, 533 U.S. 353, 366-

26  67 . . . (2001), and the remand statute favors this outcome by
    greatly limiting the circumstances in which a remand order may be

27  appealed, 28 U.S.C. 1447(d).").
    [16] *Id.* at 8.

28  [17] *Id.* at 8.

PLAINTIFFS' OPPOSITION TO THE BOEING COMPANY'S *EX PARTE* APP. TO STAY ORDER

1  Cir.1980)).[18]  "Moreover, any discovery obtained in state court

2  would be relevant and applicable if the case was later removed to

3  federal court."  *Manier*, 29 F. Supp. 3d at 1288.

4      Here, discovery as to Boeing is already initiated in state

5  court in the Woolsey Fire coordinated proceedings.[19]  If this

6  action was properly before the federal court, discovery would also

7  be ongoing.  Regardless of where the Von Oeyen Plaintiffs' action

8  ends up, Boeing will not be able to escape from discovery in the

9  state court.  There are approximately 2,000 plaintiffs' cases in

10 the state court coordinated proceeding and, since the fire was

11 started on Boeing property, Boeing and its employees will of course

12 be subject to extensive discovery in any event.  Further, all of

13 Boeing's concerns assume that the remand order is reviewable, which

14 it is not, and that even if the Ninth Circuit could review remand

15 based on procedural defect, that Boeing would prevail on the merits

16 of the appeal, which is improbable given the burden of proof and

17 the case law and statutes.[20]  Therefore, Boeing has failed to prove

18 irreparable harm and its *Ex Parte* Application for Stay should be

19 denied.

20

21 [18] Boeing asserts that "Boeing would be unlikely to recover much
   (if any) of its discovery costs from Plaintiffs in this case."

22 Dkt. 48 at 8.  It gives no factual or legal basis for this claim.
   The only Ninth Circuit case Boeing cites for the proposition that

23 this is "quintessential irreparable harm," did not state that
   monetary expenses of a defendant (much less a crucial witness),

24 constituted irreparable harm.  The case did find that the balance
   of harms tipped in favor of a stay, in part because "human

25 suffering, illness, and possibly death will result if a stay is
   denied."  *Golden Gate Rest. Ass'n v. City & Cty. of San Francisco*,

26 512 F.3d 1112, 1125 (9th Cir. 2008).  Boeing does not claim there
   is any issue of illness or death on its side of the ledger if it

27 does not achieve a stay.

28 [19] *See* Dkt. 42-5 at 2.
   [20] *See supra* Sections (II), (III)(B).

**D.   A Stay Is Against Public Interest**

Boeing asserts that "the public interest necessitates a stay" because "a stay here would prevent the state courts from being burdened by potentially unnecessary litigation."[21]  Boeing cites several cases in support of its contention that a stay would serve the public interest, none of which are applicable to the case at bar.  *Raskas v. Johnson & Johnson*, 2013 WL 1818133 (E.D. Mo. Apr. 29, 2013) and *Citibank, N.A. v. Jackson*, No. 3:16-CV-712-GCM, 2017 WL 4511348 (W.D.N.C. Oct. 10, 2017) were decided by federal courts outside of the Ninth Circuit and involved removal pursuant to the Class Action Fairness Act ("CAFA").  The entirety of the analysis of the public interest factor in *Raskas* consists of a single conclusory sentence: "[f]inally, as to the fourth factor, public interest favors granting a stay because it would avoid potentially duplicative litigation in the state courts and federal courts, thereby conserving judicial resources and promoting judicial economy." *Raskas*, 2013 WL 1818133, at *2.  In *Citibank*, as well as *United States v. Real Prop. & Improv. Located at 2366 San Pablo Ave. Berkeley, Cal.*, 2015 WL 525711, at *5 (N.D. Cal. Feb. 6, 2015) (not involving a remand order), stay was granted to preserve judicial economy and thus serve the public's interest because of the risk of duplicative litigation in state and federal court.

In the present action, the coordinated state court litigation will proceed regardless of whether this case is remanded, and Boeing will be subject to third-party discovery.  Other plaintiffs are likely to file complaints against Boeing without any reference to contamination, the asserted basis for Boeing's federal officer

---

[21] Dkt. 48 at 9.

1   jurisdictional argument.  In short, any duplication is entirely a

2   product of Boeing seeking to carve out a few cases from the greater

3   consolidated action.  A stay of this action will not stop discovery

4   and litigation against Boeing in state court.  Thus, a stay would

5   not conserve judicial resources.

6       Finally, *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l*

7   *LLC*, 2016 WL 3346349 (E.D. Va. June 16, 2016) in inapplicable here.

8    *Northrop Grumman* is an Eastern District of Virginia case involving

9   a dispute between a federal military contractor and its

10  subcontractor and remand based on the federal officer removal

11  statute.  There was no mass action with 2,000 similarly situated

12  plaintiffs and no concurrent state litigation ongoing with or

13  without remand.

14      If Boeing had succeeded in its removal attempt, there would be

15  discovery occurring right now on the merits of this case, including

16  the cause of the fire.  This is the same discovery which is

17  occurring in state court.  There is simply no basis to take these

18  few cases and put them into limbo for any period of time, while the

19  litigation goes on in another forum.

20      Given that Boeing is unlikely to be successful on appeal, or

21  even to be entitled to an appeal, as well as the advanced aged of

22  certain Plaintiffs, "[i]f it lies anywhere, the public interest

23  likely supports the adjudication of this case without the

24  potentially lengthy delay that would result from staying this

25  litigation to resolve an interlocutory appeal unlikely to have any

26  effect on the substantive outcome of the case." *Alarcon*, 2007 WL

27  4287336, at *5.  Thus, Boeing has failed to prove that a stay is in

28  the public interest.

**IV.   CONCLUSION**

    For the foregoing reasons, Defendant Boeing's *Ex Parte*
Application should be DENIED.


Dated: August 14, 2019                    Respectfully submitted,
                                          HOWARTH & SMITH

                                          SUZELLE M. SMITH


                                  By:  /s/ Suzelle M. Smith

                                          Suzelle M. Smith
                                          Howarth & Smith
                                          523 West Sixth Street, Suite 728
                                          Los Angeles, California 90014
                                          Telephone: (213) 955-9400
                                          Facsimile: (213) 622-0791
                                          ssmith@howarth-smith.com

                                          Attorneys for Plaintiffs
                                          Andrew von Oeyen, et al.