## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES—GENERAL

**Case No.**  **CV 19-3955-MWF (FFMx)**                          **Date:  August 16, 2019**

**Title:**     Andrew Von Oeyen, et al. v. The Boeing Company, et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| | |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER RE: MOTION TO REMAND [26]; MOTION FOR TEMPORARY RELIEF FROM ORDER REQUIRING SERVICE OF PROCESS [37]

Before the Court are two motions.

First is Plaintiffs Andrew Von Oeyen, et al.'s Motion to Remand (the "Remand Motion"), filed on June 5, 2019.  (Docket No. 26).  Defendant The Boeing Company ("Boeing") filed an Opposition on June 24, 2019.  (Docket No. 33).  Plaintiffs filed a Reply on July 8, 2019.  (Docket No. 38).

Second is Plaintiffs' Motion for Temporary Relief from the Order Requiring Service of Process of the Operative Complaint Until the Court Decides Whether the Complaint or Amended Complaint Is the Operative Complaint (the "Temporary Relief Motion"), filed on July 2, 2019.  (Docket No. 37).  Boeing filed an Opposition on July 22, 2019.  (Docket No. 40).  Plaintiffs filed a Reply on July 26, 2019.  (Docket No. 41).

The Court has read and considered the papers filed on the Motions and held a hearing on August 12, 2019.

For the reasons discussed below, the Remand Motion is **GRANTED**.  Remand is proper where Boeing removed the action based on an inoperative complaint.  Accordingly, the Temporary Relief Motion is **DENIED** *as moot*.

| Case No. | CV 19-3955-MWF (FFMx) | Date: August 16, 2019 |
|---|---|---|

Title:     Andrew Von Oeyen, et al. v. The Boeing Company, et al.

## I.     BACKGROUND

On February 8, 2019, Plaintiffs commenced this action in the Los Angeles County Superior Court. (Notice of Removal ("NoR"), Ex. A ("Complaint") (Docket No. 1)). On April 30, 2019, Plaintiffs filed a First Amended Complaint ("FAC"). (Declaration of Suzelle M. Smith ("Smith Decl."), Ex. A ("FAC") (Docket No. 26-2)). On May 6, 2019, Boeing removed the action to this Court based on the original Complaint, invoking the federal officer removal statute, 28 U.S.C. § 1442(a)(1), and the Price-Anderson Act, 42 U.S.C. § 2210(n)(2).

The FAC contains the following allegations:

On November 8, 2018, a fire was ignited in Los Angeles County in the area of the Santa Susana Field Laboratory ("SSFL"). (FAC ¶ 1). The fire (the "Woolsey Fire") burned for 13 days across 96,949 acres, "destroying at least 1,643 structures, damaging at least 341 other structures, causing three firefighter injuries, causing fire-related and smoke-related injuries to thousands of residents, and killing three civilians." (*Id.*). Plaintiffs are residents and owners of property in Malibu, California and suffered substantial losses as a result of the Woolsey Fire, including, but not limited to, loss of real and personal property. (*Id.* ¶¶ 20-25).

Plaintiffs allege on information and belief that the ignition of the Woolsey Fire originated from and was caused by electrical infrastructure owned and/or operated, among other things, by Defendants Southern California Edison Company and Edison International (together, the "SCE Defendants") and Boeing. (*Id.* ¶ 4).

Plaintiffs allege, among other things, that "the SCE Defendants failed to appropriately monitor the wildfire risk that was developing in the days and hours before the Woolsey Fire ignited" and also "failed to implement mitigating measures such as de-energizing their Electrical Equipment, ensuring proper vegetation management was in place, and/or issuing warnings to the public regarding the foreseeable increased risk of a wildfire[.]" (*Id.* ¶ 49). Plaintiffs further allege that Boeing "did not maintain adequate fire prevention resources and/or personnel at the SSFL commensurate with the high risks [of wildfire]." (*Id.* ¶ 84).

Case No.  CV 19-3955-MWF (FFMx)                    Date:  August 16, 2019
Title:    Andrew Von Oeyen, et al. v. The Boeing Company, et al.

Based on the above allegations, Plaintiffs assert 10 claims for relief against the SCE Defendants and Boeing: (1) negligence against the SCE Defendants; (2) negligence against Boeing; (3) inverse condemnation and strict liability for harm caused by fire against the SCE Defendants; (4) public nuisance against all Defendants; (5) private nuisance against all Defendants; (6) trespass against all Defendants; (7) violation of California Public Utilities Code § 2106 against SCE Defendants; (8) violation of California Health and Safety Code §§ 13007, *et seq.* against all Defendants; (9) violation of California Health and Safety Code §§ 12008, *et seq.* against all Defendants; and (10) premises liability against all Defendants.  (*Id.* ¶¶ 87-191).

## II.   EVIDENTIARY OBJECTIONS

Plaintiffs object to the Declarations of Philp D. Rutherford, Mark R. Zeller, and Arthur J. Lenox, submitted by Boeing in support of its Opposition to the Remand Motion.  (Docket No. 39).

Because the Court does not rely on the Declarations in making its determinations below, the objections are **OVERRULED** *as moot*.  The Court would reach the same rulings regardless of whether it considered these materials.

## III.  DISCUSSION

The parties primarily dispute whether the unserved original Complaint or the unserved FAC is the operative pleading for purposes of the Remand Motion.

Boeing contends that Plaintiffs' filing of the FAC, which "delet[ed] many of the allegations and requests for relief based on contamination" is nothing more than a thinly veiled attempt to avoid federal jurisdiction.  (Opp. at 6).  Plaintiffs argue that the FAC, which Plaintiffs contend clarifies that their causes of action and damages "were caused solely by conduct unrelated to any federally ordered activities," is the operative pleading for purposes of removal because, under California law, an amended complaint supersedes the prior complaint at the time of filing, not at the time of service.  (Mot. at 2, 3-4).  In contrast, Boeing argues that "[a]t the time of removal—May 6, 2019—

Case No.  CV 19-3955-MWF (FFMx)                    Date:  August 16, 2019
Title:     Andrew Von Oeyen, et al. v. The Boeing Company, et al.

Plaintiffs' Complaint, and not their unserved Amended Complaint, was the operative
pleading in this case."  (Opp. at 8).

    In support of Plaintiffs' argument, Plaintiffs cite to *Borgman v. Insphere Ins.*,
No. 5:12-CV-06352 EJD, 2013 WL 1409921 (N.D. Cal. Apr. 8, 2013).  There, as here,
the defendants argued that the operative pleading for purposes of removal was the
original complaint, not the amended complaint that was filed two days prior to
removal, because the amended complaint was not served on defendants prior to
removal.  *Id.* at *2.  Defendants cited to case law concerning federal procedural law
establishing that "[a]n original complaint is only superseded . . . when the amended
complaint is properly served, not when it is filed."  *Id.* (quoting *Doe v. Unocal Corp.*,
27 F. Supp. 2d 1174, 1180 (C.D. Cal. 1998), *aff'd and adopted*, 248 F.3d 915 (9th Cir.
2001)).  In rejecting defendants' argument, the district court observed that "[a]s a
general matter, state procedural rules govern state lawsuits until they are removed to
federal court."  *Id.* at *2 (quoting *Prazak v. Local 1 Int'l Union of Bricklayers,* 233
F.3d 1149, 1152 (9th Cir. 2000)).  The district court explained that "California courts
do not make the same distinction between the filing and service when it comes to
amended pleadings" and that "in California at least, an original complaint is
superseded ***at the time the amended pleading is filed***, not when it is served."  *Id.* at *3
(emphasis added).

    Boeing argues that Plaintiff's reliance on *Borgman* is misplaced because no
other district court has relied on this case, and other courts have indeed reached a
contrary result.  (Opp. at 10).  Boeing cites several cases in support of its contention
that the original Complaint is the operative complaint, but these cases are not on point
for several reasons.  In *Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d
1024 (C.D. Cal. 2016) and *Goel v. Coal. Am. Holding Co. Inc.*, No. CV 11-2349 GAF
(EX), 2011 WL 13128299 (C.D. Cal. May 19, 2011), the issue of whether the amended
complaint was the operative pleading for removal was not properly an issue before the
district courts.  *See Rangel*, 200 F. Supp. 3d at 1030 ("Plaintiff's [Remand] Motion
only addresses the facts and allegations in the Complaint, not the FAC. . . . In fact,
Plaintiff does not mention that he filed an FAC."); *Goel*, 2011 WL 13128299, at *2
(finding that because the plaintiff failed to argue why the FAC was the operative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-3955-MWF (FFMx)                    Date:  August 16, 2019
Title:      Andrew Von Oeyen, et al. v. The Boeing Company, et al.

complaint at the time of removal, plaintiff "abandoned any argument that removal was improper merely because Coalition America attached a non-operative complaint to the notice of removal").

Furthermore, all of the cases Boeing relies on involve a situation in which the original complaint was served but the amended complaint was not.  Indeed, Boeing acknowledged at the hearing that there do not appear to be any cases addressing the precise situation presented here.  As Plaintiffs correctly explain, the rationale behind the cases Boeing cites is that permitting a filed but unserved amended complaint to supersede an original complaint that had been served would create a situation in which a plaintiff could file an amended complaint and hope that defendant did not notice it while the removal clock remained ticking on the original complaint.  (*See* Mot. at 4 n. 13); *Noorazar v. BMW of N. Am., LLC*, No. 18-CV-02472 W (JLB), 2019 WL 442477, at *2 (S.D. Cal. Feb. 5, 2019) ("If an amended pleading superseded the original on filing, a plaintiff could strategically preclude removal by filing but not serving an amendment.  The plaintiff could then wait in the hopes that the defendant would not discover the amendment within 30 days."); *Lewis v. QVC, Inc.*, No. SACV170287DOCKESX, 2017 WL 1423703, at *2-3 (C.D. Cal. Apr. 20, 2017) ("If merely filing an amended complaint made the amended complaint the operative complaint, a plaintiff could . . . prevent removal by waiting to serve the amended complaint until the defendant's 30–day removal window after service of the initial complaint had lapsed.") (citation omitted).  Here, where the original Complaint was not served, this particular risk of gamesmanship is not at play.

Boeing argues further, and reiterated at the hearing, that *Borgman* fails to acknowledge California Code of Civil Procedure § 471.5(a) ("If the complaint is amended, . . . a copy of the amendments or amended complaint must be served upon the defendants affected thereby.") and § 472 ("A party may amend its pleading once without leave of the court . . . if the amended pleading is filed and served no later than the date for filing an opposition to the demurrer or motion to strike.").  (Opp. at 10).  But as Plaintiffs correctly highlight, neither of these sections states that an amended complaint must be served to supersede an earlier pleading.  (*See* Reply at 10).

Case No.  CV 19-3955-MWF (FFMx)                    Date:  August 16, 2019
Title:      Andrew Von Oeyen, et al. v. The Boeing Company, et al.

The Court therefore agrees with Plaintiffs that the FAC is the operative complaint.  Accordingly, because the Court determines that Boeing removed a non-operative complaint, this alone is sufficient basis for granting the Remand Motion.  *See Ortiz v. Citibank, N.A.*, No. LACV177886VAPMRWX, 2018 WL 6930889, at *4 (C.D. Cal. Jan. 10, 2018) ("It is beyond dispute . . . that removal of a non-operative complaint is grounds for remanding a case[.]"); *Taylor v. CoxCom, Inc.*, No. CV 12-10149-CJC (JPRx), 2013 WL 327728, at *2 n.4 (C.D. Cal. Jan. 29, 2013) (removal of non-operative complaint is grounds for granting motion to remand).

The Court also reminds the parties of the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant." *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (affirming remand).  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is ***any*** doubt as to the right of removal in the first instance.") (emphasis added).  Here, Boeing has failed to meet that burden.

## IV.   EX PARTE APPLICATION

On August 13, 2019, Boeing filed an ex parte application (the "Application") requesting that the Court stay the effect of any final decision to remand the case in order to allow Boeing to pursue an appeal with the Ninth Circuit.  (App. at 4 (Docket No. 48)).  Plaintiff filed an Opposition to the Application on August 14, 2019.  (Docket No. 49).

28 U.S.C. § 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." *Id.*; *see Cabalce v. Thomas E. Blanchard & Assocs., Inc.*, 797 F.3d 720, 727 n.1 (9th Cir. 2015) ("Because this case was removed from state court pursuant to 28 U.S.C. § 1442, we have jurisdiction to review the order remanding the action to state court.").

| | |
|---|---|
| **Case No.** CV 19-3955-MWF (FFMx) | **Date:** **August 16, 2019** |
| Title:     Andrew Von Oeyen, et al. v. The Boeing Company, et al. | |

Boeing argues that because it removed the action invoking the federal officer removal statute under section 1442, Boeing has a right to appeal if the Court were to remand the action to state court. (App. at 4).

In their Opposition to the Application, Plaintiffs argue that appellate courts lack jurisdiction to review remand orders based on a procedural defect. (Opp. at 2). Plaintiffs argue that "[h]ere, remand was sought based on the procedural defect that the case was removed based on a non-operative complaint." (*Id.* at 4). In support, Plaintiffs cite to *In re Blatter*, 241 F. App'x 371 (9th Cir. 2007), in which the Ninth Circuit explains that "a remand order is not reviewable if (1) the district court lacked subject matter jurisdiction, or (2) the moving party filed a timely motion ***raising any defect other than*** a lack of subject matter jurisdiction." *Id.* at 373 (emphasis added).

Plaintiffs are correct that remand here is based on the procedural defect that Boeing removed the action on a non-operative complaint. Accordingly, the Application is **DENIED**. Any stay of remand for purposes of seeking an appeal would be meaningless.

## V.     CONCLUSION

For the reasons set forth above, the Remand Motion is **GRANTED** and the Temporary Relief Motion is **DENIED** *as moot*. The Court **REMANDS** this action to the Los Angeles County Superior Court.

IT IS SO ORDERED.