1  HOWARTH & SMITH
   DON HOWARTH, (SBN 53783)
2  dhowarth@howarth-smith.com
3  SUZELLE M. SMITH, (SBN 113992)
   ssmith@howarth-smith.com
4  KATHERINE HIGHT, (SBN 287750)
   khight@howarth-smith.com
5  PAULEEN TRUONG, (SBN 317914)
6  ptruong@howarth-smith.com
7  523 West Sixth Street, Suite 728
   Los Angeles, California 90014
8  Telephone: (213) 955-9400
9  Fascimile: (213) 622-0791

10 LAW OFFICES OF AMES SMITH
11 ARCHIBALD M. SMITH, IV (SBN 283887)
   asmith@ames-law.com
12 17530 Ventura Boulevard, Suite 202
13 Encino, California 91316
   (805) 419-5293
14

15 Attorneys for Plaintiffs ANDREW VON OEYEN, et al.

16          UNITED STATES DISTRICT COURT
17     FOR THE CENTRAL DISTRICT OF CALIFORNIA
              WESTERN DIVISION
18

19 ANDREW VON OEYEN, et al.,        ) Case No. 2:19-cv-03955 MWF(FFMx)
                                    )
20         Plaintiffs,              ) **MEMORANDUM OF POINTS AND**
                                    ) **AUTHORITIES IN SUPPORT OF**
21 vs.                              ) **PLAINTIFFS' MOTION FOR**
                                    ) **ATTORNEY'S FEES PURSUANT**
22 SOUTHERN CALIFORNIA EDISON       ) **TO 28 U.S.C. § 1447 (c)**
23 COMPANY, et al. and DOES 1 through)
   100, inclusive,                  )
24                                  ) *Assigned to Hon. Michael W. Fitzgerald*
25         Defendants.              )
                                    ) Complaint filed: February 8, 2019
26                                  ) Remand Granted: August 16, 2019
                                    )
27                                  )
28                                  ) Hearing date: February 1, 2021

                                    1
PLAINTIFFS' MEMORANDUM ISO MOTION FOR ATTORNEY'S FEES

## **TABLE OF CONTENTS**

Table of Authorities ...........................................................................................................iii

I.    INTRODUCTION AND FACTUAL SUMMARY .....................................................1

II.   IT IS WITHIN THE COURT'S DISCRETION TO AWARD ATTORNEY'S

FEES AND COSTS ...............................................................................................5

    A.    Boeing's Removal Was Objectively Unreasonable Because It Was Contrary

        to Controlling Law At the Time of Removal .................................................9

    B.    This Court Made an Express Finding That Boeing's Removal Was

        Procedurally Defective ...................................................................................10

    C.    Plaintiffs Have Submitted Satisfactory Evidence to Support Reimbursement

        of Their Fees and Costs ..................................................................................11

III.  CONCLUSION.......................................................................................................12

ii

1

## <u>TABLE OF AUTHORITIES</u>

2

### <u>Cases</u>

3  *Black v. Monster Beverage Corp.*,

4      No. EDCV1502203MWFDTB, 2016 WL 81474 (C.D. Cal. Jan. 7, 2016) ..................... 8

5  *Blum v. Stenson*,

6      465 U.S. 886 (1984) ........................................................................................... 14

7  *Borgman v. Insphere Ins.*,

8      2013 WL 1409921 (N.D. Cal. Apr. 8, 2013) ........................................ 11, 12, 13

9  *Bryant v. Britt*,

10     420 F.3d 161 (2d Cir. 2005) ................................................................................. 5

11  *Camacho v. Bridgeport Fin., Inc.*,

12     523 F.3d 973 (9th Cir. 2008) ............................................................................. 14

13  *Ekeya v. Shriners Hosp. for Children, Portland*,

14     258 F. Supp. 3d 1192 (D. Or. 2017) .................................................................... 8

15  *Hembree v. Allstate Ins. Co.*,

16     No. CV1207119MWFSHX, 2012 WL 12884890 (C.D. Cal. Oct. 19, 2012) ................. 8

17  *James Ortiz v. Citibank, N.A. et al.*,

18     2018 WL 6930889 (C.D. Cal. Jan. 10, 2018) ................................................ 2, 6

19  *Martin v. Franklin Capital Corp.*,

20     546 U.S. 132 (2005) ......................................................................... 4, 6, 12, 13

21  *Mints v. Educ. Testing Serv.*,

22     99 F.3d 1253 (3d Cir. 1996) ................................................................................ 5

23  *Moore v. Permanente Med. Grp., Inc.*,

24     981 F.2d 443 (9th Cir. 1992) ............................................................................... 4

25  *Ortiz v. Citibank, N.A.*,

26     2018 WL 6930889 (C.D. Cal. Jan. 10, 2018) ................................................... 10

27

28

iii

PLAINTIFFS' MEMORANDUM ISO MOTION FOR ATTORNEY'S FEES

*Palisades Capital Realty Advisors, LLC v. Presidential Realty Corp*.,

  No. CV1704293MWFAFMX, 2017 WL 4011132 (C.D. Cal. Sept. 12, 2017) ............... 8

*Patel v. Del Taco, Inc*.,

  446 F.3d 996 (9th Cir. 2006) ............................................................ 7

*Rynearson v. Motricity, Inc*.,

  626 F. Supp. 2d 1093 (W.D. Wash. 2009) ........................................ 8

*Stallworth v. Greater Cleveland Reg'l Trans. Auth.*,

  105 F.3d 252 (6th Cir. 1997) ............................................................ 5

*Wisconsin v. Hotline Indus., Inc*.,

  236 F.3d 363 (7th Cir. 2000) ............................................................ 5

*Wrightwood Canopy Tour, LLC v. Wrightwood Guest Ranch, LLC,*

  No. CV-13-9184-MWF (EX), 2014 WL 12564357 (C.D. Cal. Feb. 25, 2014)............... 9

**Statutes**

28 U.S.C. § 1447 (c) ...................................................................... 6, 12

Cal. Civ. Proc. Code § 472 ............................................................ 10

**Other Authorities**

Supreme Court Miscellaneous Order issued March 19, 2020,

  https://www.supremecourt.gov/orders/courtorders/031920zr_d1o3.pdf ........................ 4

**Rules**

Ninth Circuit Rule 3-6.................................................................... 9

Sup. Ct. Rule 13(1) ...................................................................... 4

PLAINTIFFS' MEMORANDUM ISO MOTION FOR ATTORNEY'S FEES

## I.    INTRODUCTION AND FACTUAL SUMMARY

On February 8, 2019, Andrew von Oeyen; Emmanuel Villaume; Dawn Ericson, individually and on behalf of the Dawn Navarro Ericson Trust; Dominique Navarro; Jack Silverman; Claire Silverman; Mariel Sandoval, individually and as guardian and parent of minor child S.B.S.; Cliff Hirsch; Gladys Hirsch; ISHC Lompoc LLC; Paul Rothbard; and Chelsea Segal ("Von Oeyen Plaintiffs" or "Plaintiffs") filed a complaint ("Complaint") against Defendants Southern California Edison Company, Edison International (together, "SCE"), and The Boeing Company ("Boeing," collectively with SCE, "Defendants") for state law causes of action and damages from the destruction of their homes and personal property caused by the Woolsey Fire, in the Superior Court of California, County of Los Angeles.  As is permitted under California Code of Civil Procedure §472, before any responsive pleading was filed and prior to service, Plaintiffs filed their First Amended Complaint ("Amended Complaint" or "FAC") on April 30, 2019,[1] also with exclusively state law causes of action.[2]  On May 6, 2019, before the Amended Complaint could be served, Defendant The Boeing Company ("Boeing") removed the original, superseded Complaint to United States District Court for the Central District of California.  Dkt. 1. Before filing their Motion for Remand, Plaintiffs met and conferred with Boeing, pointing out that the Amended Complaint was the operative pleading because neither the Complaint nor the Amended Complaint had been served.  Smith Decl. ¶ 3.  Plaintiffs gave Boeing the legal authority, including *James Ortiz v. Citibank, N.A. et al.*, 2018 WL 6930889 (C.D. Cal. Jan. 10, 2018) and *Borgman v. Insphere Ins.*, 2013 WL 1409921 (N.D. Cal. Apr. 8, 2013), demonstrating that under governing state law, an original complaint is superseded at the time the amended complaint is filed, not when it is

---

[1] The First Amended Complaint added three new plaintiffs, Thomas Hirsch, DDS; Joe Duncan; and Lanna Duncan.

[2] Neither pleading could be served because the Woolsey Fire cases are a coordinated proceeding, which created complications in obtaining Court approval for the Guardian ad Litem appointment required for a summons to issue.  Declaration of Suzelle M. Smith ("Smith Decl."), ¶ 3.

PLAINTIFFS' MEMORANDUM ISO MOTION FOR ATTORNEY'S FEES

1   served.[3]  In fact, Von Oeyen Plaintiffs' counsel told Boeing counsel that another district
2   court in the Central District had remanded a case approximately a year before based on
3   almost exactly the same procedural defect as Boeing committed, and after remand,
4   attorneys' fees were awarded.  *James Ortiz v. Citibank, N.A. et al*., 2018 WL 6930889, at
5   *4 (C.D. Cal. Jan. 10, 2018) ("[A]n award of attorney's fees to Plaintiffs is warranted
6   here. . . . It is beyond dispute that the filing of an amended complaint moots the original
7   complaint and that removal of a non-operative complaint is grounds for remanding a
8   case." (Internal citations omitted)).[4]  In response, Boeing cited several cases, but
9   Plaintiffs pointed out that, in contrast to the Von Oeyen Plaintiffs' situation, none of these
10  cases held that removal on an unserved and superseded pleading was proper.[5]  Boeing did
11  not take any action to correct its error; it insisted that it could properly remove the entire
12  action by removing the Complaint, even though the Amended Complaint included three
13  new plaintiffs who were not part of the Complaint.  Smith Decl. ¶ 6.  Boeing did not and
14  has not removed the FAC.

15
16
_____

17  [3] "We believe your removal is fatally defective because the FAC was filed prior to
    removal, and accordingly remand will be automatic. *See, e.g., Rhodes v. Robinson*, 621
18  F.3d 1002, 1005 (9th Cir. 2010) ("As a general rule, when a plaintiff files an amended
    complaint, the amended complaint supersedes the original, the latter being treated
19  thereafter as non-existent."); *James Ortiz v. Citibank, N.A. et al*., 2018 WL 6930889, at
    *4 (C.D. Cal. Jan. 10, 2018) ("[A]n award of attorney's fees to Plaintiffs is warranted
20  here. . . . It is beyond dispute that the filing of an amended complaint moots the original
21  complaint and that removal of a non-operative complaint is grounds for remanding a
    case." (internal citations omitted)); *Borgman v. Insphere Ins*., 2013 WL 1409921, at *3
22  (N.D. Cal. Apr. 8, 2013) ("[I]n California at least, an original complaint is superseded at
23  the time the amended pleading is filed, not when it is served. [T]he filing of an amended
    complaint moots a motion directed to a prior complaint. . . Applying that principle to this
24  case means that the FAC, not the original complaint, is the operative pleading for
25  O'Connell's [plaintiff s] claims and dictates whether the removal was appropriate."
    (internal citations omitted))."  Smith Decl., Ex. 1.
26  [4] *Id*.
27  [5] *See* Ex. 2 to Smith Decl.; Smith Decl. ¶ 5 (describing May 21, 2019 in person meet and
28  confer effort).

Plaintiffs filed their motion for remand on June 5, 2019.  Dkt. 26.[6]  Defendants

filed an opposition on June 24, 2019, and Plaintiffs filed a reply on July 8, 2019.  Dkt. 33;

Dkt. 38.  The Court provided counsel with a tentative ruling granting remand on August

12, 2019, before the hearing that same day.  The Court heard arguments of counsel and

discussed the findings and legal authorities in the tentative.  The matter was taken under

submission.

On August 13, 2019, before the final ruling was entered, Boeing filed an *ex parte*

application to stay any order remanding the case, pending appeal.  Dkt. 48.  Plaintiffs

opposed the application on August 14, 2019.  Dkt. 49.  On August 16, 2019, the Court

entered an order granting Plaintiffs' motion for remand and denying Boeing's *ex parte*

application.  Dkt. 51.  On September 4, 2019, Boeing filed a notice of appeal of the

remand order.  Dkt. 53.  On September 5, 2019, Boeing filed an Urgent Motion to Stay

State Court Proceedings. Ninth Circuit Dkt. 2-1.[7]  Plaintiffs filed a Motion to dismiss the

Boeing Appeal and an Opposition to the Motion for Stay on September 16, 2019.  Ex. 3

to Smith Decl.  Boeing filed its reply in support of the Motion to Stay on September 23,

2019.  Smith Decl. ¶ 10.  On October 31, 2019, the Ninth Circuit summarily granted

Plaintiffs Motion to Dismiss the Appeal, stating that "appellant failed to demonstrate that

the case was properly removed pursuant to 28 U.S.C. § 1442…."  Ex. 4 to Smith Decl.

The Ninth Circuit also denied the Boeing Motion for a Stay as moot.  *Id*.  Boeing filed a

Motion for Reconsideration on November 14, 2019.  Ninth Circuit Dkt. 20.  On March

---

[6] In the meantime, the Court did not stay the action based on the Motion for Remand, and
attorney and client time had to be spent on significant, specific federal court requirements
including: Joint Rule 26(f) report, the Rule 26(a) initial disclosure, corporate disclosure
statements, a federal guardian ad litem application, and related meet and confer
conferences with opposing counsel on some of these issues.  Smith Decl. ¶ 7.  There was
also required time spent on a mandatory Ninth Circuit appellate settlement conference.
[7] Boeing also filed a Motion for Stay on September 27, 2019 in the state court where the
Von Oeyen Plaintiffs' case was remanded.  Smith Decl. ¶ 11.  Plaintiffs opposed the
Motion on October 7, 2019.  *Id*. The Honorable William Highberger denied the Boeing
Motion to Stay on October 22, 2019.  *Id*.

PLAINTIFFS' MEMORANDUM ISO MOTION FOR ATTORNEY'S FEES

20, 2020, the Ninth Circuit ordered additional briefing.  Smith Decl. ¶ 14.  Plaintiffs filed

their further briefing on April 10, 2020; Boeing filed its further briefing on April 24,

2020.  *Id.*  The panel issued its Order granting Plaintiffs' motion to dismiss for lack of

appellate jurisdiction on June 19, 2020.  *Id.*  The Mandate issued on July 13, 2020.  *Id.*

The deadline to file a petition for writ of certiorari to the United States Supreme Court,

December 10, 2020, has now expired.[8]

28 U.S.C.§ 1447 (c) allows the Court to award attorney's fees.  "An order

remanding the case may require payment of just costs and any actual expenses, including

attorney fees, incurred as a result of the removal."  *Martin v. Franklin Capital Corp.*, 546

U.S. 132, 134 (2005).  Plaintiffs ask the Court to award their fees and costs associated

with Boeing's improper removal and its refusal to correct its own clear error.[9]  Because

of the improper removal, Plaintiffs were required to review hundreds of pages of exhibits

related to radiation contracts submitted and referenced by Boeing, which have nothing to

do with the Woolsey Fire.  Plaintiffs were required to prepare and file briefs on their

Motion to Remand and reply, and to appear at oral argument for the hearing.  Plaintiffs

were also required to spend hundreds of hours on specific federal court requirements,

such as the Joint Rule 26(f) report, the Rule 26(a) initial disclosure, corporate disclosure

statements, an ultimately duplicative guardian ad litem application, a mandatory Ninth

Circuit appellate mediation conference, and related meet and confer conferences with

---

[8] Sup. Ct. Rule 13(1); Supreme Court Miscellaneous Order issued March 19, 2020,
https://www.supremecourt.gov/orders/courtorders/031920zr_d1o3.pdf ("[T]he deadline
to file any petition for a writ of certiorari due on or after the date of this order[, March 19,
2020] is extended to 150 days from the date of the lower court judgment, order denying
discretionary review, or order denying a timely petition for rehearing.").

[9] Federal circuit courts have routinely held that district courts retain jurisdiction to hear
motions for attorney's fees, reasoning that the "award of fees pursuant to section 1447(c)
is collateral to the decision to remand."  *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d
443, 445 (9th Cir. 1992); see also *Bryant v. Britt*, 420 F.3d 161, 165–66 (2d Cir. 2005);
*Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 365 (7th Cir. 2000); *Stallworth v.
Greater Cleveland Reg'l Trans. Auth.,* 105 F.3d 252, 255–57 (6th Cir. 1997); and *Mints
v. Educ. Testing Serv.*, 99 F.3d 1253, 1258–59 (3d Cir. 1996).

4

counsel for SCE and Boeing.  Smith Decl. ¶¶ 7, 12.  Plaintiffs had to prepare an

opposition to Boeing's *ex parte* application requesting a stay of this Court's final decision

on Plaintiffs' motion for remand.  *Id*. at ¶ 8.  Boeing's actions required Plaintiffs to file a

Motion to Dismiss in the Ninth Circuit and oppose two more motions for stay.  Plaintiffs

had to prepare a statement and engage in a Ninth Circuit mediation.  *Id*. at ¶ 12.  All of

these activities were a direct consequence of Boeing's improper and improvident removal

based on an inoperative pleading.

Boeing's removal of the action was objectively unreasonable under the law

because Plaintiffs had given Boeing case authority on point, including an almost identical

removal case with a procedural defect, where attorneys' fees were awarded.  *See James

Ortiz v. Citibank, N.A. et al*., 2018 WL 6930889 (C.D. Cal. Jan. 10, 2018).  The Court

should use its discretion and award plaintiffs their reasonable fees and costs.  *See* Smith

Decl. ¶ 15.

## II.    IT IS WITHIN THE COURT'S DISCRETION TO AWARD ATTORNEY'S FEES AND COSTS

The removal statute specifically provides that a plaintiff who prevails on a remand

motion may recover her attorney's fees and costs.  28 U.S.C. § 1447 (c).  The U.S.

Supreme Court addressed the issue of the Court's discretion to award fees under 28

U.S.C. § 1447:

> The appropriate test for awarding fees under §1447(c) should
> recognize the desire to deter removals sought for the purpose of
> prolonging litigation and imposing costs on the opposing party,
> while not undermining Congress' basic decision to afford
> defendants a right to remove as a general matter, when the
> statutory criteria are satisfied. . . .

> In light of these "'large objectives,'" *Zipes*, *supra*, at 759, the

5

1  | standard for awarding fees should turn on the reasonableness of the
2  | removal. Absent unusual circumstances, courts may award
3  | attorney's fees under §1447(c) only where the removing party
4  | lacked an objectively reasonable basis for seeking removal....

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).

There are a number of decisions from courts in the Ninth Circuit where fee awards were granted or upheld under circumstances similar to the present case.  For example, in *James Ortiz v. Citibank, N.A. et al.*, 2018 WL 6930889 (C.D. Cal. Jan. 10, 2018), defendants removed a case based on an original served complaint, after an amended complaint had been filed, but not served in state court.  Chief Judge of the Central District, the Honorable Virginia A. Phillips, granted plaintiff's motion for remand, and later, awarded attorneys' fees to plaintiff.  The Court stated:

A plaintiff need not demonstrate 'bad faith' to justify an award of attorney's fees and costs, and courts have 'wide discretion' in making an award under the provision. It is beyond dispute that the filing of an amended complaint moots the original complaint, see *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015), and that removal of a non-operative complaint is grounds for remanding a case, see Taylor v. CoxCom, Inc., No. CV 12-10149-CJC (JPRx), 2013 WL 327728, at *2 n.4 (C.D. Cal. Jan. 29, 2013).

*Ortiz* at **3-4.

In *Patel v. Del Taco, Inc.*, 446 F.3d 996 (9th Cir. 2006), the Ninth Circuit affirmed an award of attorney's fees where a party attempted to remove a petition to confirm an arbitration award to consolidate it with a separate action it had filed in federal court,

6

because the controlling law precluded use of the supplemental jurisdiction statute as a
basis for removal.  *Id*.  In *Rynearson v. Motricity, Inc*., 626 F. Supp. 2d 1093 (W.D.
Wash. 2009), fees were awarded where removal was based in part on a claim that a
declaration in an unrelated case qualified as an "other paper," in contradiction to the plain
language of the statutory definition of "other paper" for purposes of removal.  *Id*.  In
*Ekeya v. Shriners Hosp. for Children, Portland*, 258 F. Supp. 3d 1192, 1194 (D. Or.
2017), the court awarded fees where the removal was found to be fatally defective on a
finding that one of the defendants was a citizen of the forum state, which precludes
removal under well-settled law.  *Id*.

Plaintiffs are aware that attorney's fees awards after a successful remand are by no
means automatic, and the court is entitled to use its discretion.[10]

---

[10] Plaintiffs can find no order granting attorney's fees by this Court after a successful
remand motion.  *See, e.g.*, *Hembree v. Allstate Ins. Co*., No. CV1207119MWFSHX, 2012
WL 12884890 (C.D. Cal. Oct. 19, 2012) (declining to award fees where Defendants'
removal argument was supported by case law from the Seventh Circuit, which would be
controlling if from the Ninth Circuit, and there was no directly contradictory case from
the Ninth Circuit); *Black v. Monster Beverage Corp*., No. EDCV1502203MWFDTB,
2016 WL 81474 (C.D. Cal. Jan. 7, 2016) (declining to award fees where there was a clear
"debate among the district courts…" in the Ninth Circuit on the issue of non -forum
defendants removal before service of a forum defendant); *Palisades Capital Realty
Advisors, LLC v. Presidential Realty Corp*., No. CV1704293MWFAFMX, 2017 WL
4011132 (C.D. Cal. Sept. 12, 2017) (declining to award fees where removal was both
based on incorrect, but reasonable interpretation of applicable law and where
untimeliness was based on a reasonable interpretation of a stipulation).  However, under
the facts here, the Ninth Circuit rejected defendants' arguments on jurisdiction out of
hand, based on Plaintiffs Motion to Dismiss.  "We summarily affirm the district court's
finding that appellant failed to demonstrate that the case was properly removed pursuant
to 28 U.S.C. § 1442 …."  Ex. 4 to Smith Decl.  Under Circuit Rule 3-6, the Ninth Circuit
may summarily dismiss an appeal: "At any time prior to the disposition of a civil appeal
if the Court determines that the appeal is not within its jurisdiction, the Court may issue
an order dismissing the appeal without notice or further proceedings."  Ninth Circuit Rule
3-6.  The basis for this finding did not depend on any new fact or change in

PLAINTIFFS' MEMORANDUM ISO MOTION FOR ATTORNEY'S FEES

1    However, the provision allowing for such an award is not merely for show, without

2    real meaning.  For example, in *Wrightwood Canopy Tour, LLC v. Wrightwood Guest*

3    *Ranch, LLC,* No. CV-13-9184-MWF (EX), 2014 WL 12564357 (C.D. Cal. Feb. 25,

4    2014), Defendants filed a procedurally defective removal which, among other problems,

5    demonstrated the lack of diversity between the parties.  *Id*. at *1.  Plaintiffs in that case,

6    as here, wrote to Defendants following their removal to explain why the removal was

7    defective, and included controlling legal authority in support of their position.  *Id*.

8    Defendants refused to reconsider, despite being presented with significant contrary

9    authority, and that refusal formed the basis of the Court's order that Defendants appear

10    and show just cause why an award of attorney's fees was not appropriate.  *Id*. at **2-3.

11    Here, Boeing has never denied its knowledge of the First Amended Complaint, and

12    could have chosen to remove the operative pleading.[11]  Boeing could have removed the

13    original Von Oeyen complaint before it was served; Plaintiffs provided a courtesy copy

14    of their complaint to Boeing's counsel on March 19, 2019.  Smith Decl. ¶ 3.  Boeing

15    chose to remove the earlier, rather than later pleading, again as a litigation strategy, albeit

16    an improper one.  Rather than admit its error and concede that remand due to the

17    procedural defect was inevitable, Boeing, without any objectively reasonable basis,

18    doggedly pursued its strategic course perhaps in the hope that the Von Oeyen Plaintiffs

19    would give up and dismiss Boeing as the Abadee and Bashant Plaintiffs had done.  Dkt.

20    5; Smith Decl. ¶ 4.  The provision of an award of attorney's fees and costs under such

21    circumstances is consistent both with Congressional intent in enacting the statute and

22    with Ninth Circuit decisions applying the statute.

23    Given the clarity of controlling law at the time of Boeing's removal as the Ninth

24    Circuit has now confirmed, the fact that Plaintiffs immediately alerted Boeing that their

25    _____

26    circumstances, but on the clear procedural error committed by Boeing in the first
      instance. Dkt. 51 at p. 7.

27    [11] Boeing also knew that under California law, Plaintiffs were entitled to amend once as a
      matter of right any time before a responsive pleading was filed.  Cal. Civ. Proc. Code §

28    472.

PLAINTIFFS' MEMORANDUM ISO MOTION FOR ATTORNEY'S FEES

removal was fatally defective under controlling law, and Boeing's refusal to correct this
error, the Court is should exercise its discretion to award Plaintiffs' fees and costs to
further a purpose of the statute which is to discourage removals with no objectively
reasonable basis.

> ### A. Boeing's Removal Was Objectively Unreasonable Because It Was Contrary to Controlling Law At the Time of Removal

An award of costs and fees is appropriate where the removing party lacks an
objectively reasonable basis for removal.  "Removal is not objectively reasonable when
relevant case law at the time clearly forecloses the removing party's asserted basis for
removal."  *Ortiz v. Citibank, N.A*., 2018 WL 6930889, at *3 (C.D. Cal. Jan. 10, 2018)
(internal citations omitted).

Here, California law is clear that an amended pleading supersedes a prior pleading
at the time it is *filed*, not the time it is *served*.  *Borgman v. Insphere Ins*., 2013 WL
1409921, at *3 (N.D. Cal. Apr. 8, 2013).  At the time the First Amended Complaint was
filed in state court, Boeing's removal of the original Complaint was foreclosed, making
their subsequent removal of the original Complaint objectively unreasonable.

In *Ortiz*, factual circumstances nearly identical to the instant case led the court to
conclude that "[d]efendants lacked an objectively reasonable basis to remove this case . .
. [i]t is beyond dispute that the filing of an amended complaint moots the original
complaint, and that removal of a non-operative complaint is grounds for remanding a
case."  *Ortiz* at *4 (internal citations omitted).  In *Ortiz*, the court determined that
Defendants had notice that the First Amended Complaint had been filed because counsel
for Plaintiffs sent an e-mail to Defendants noting that the amended complaint and
associated papers attached to the e-mail had been served in the case.  *Id*. at *5.  The Court
granted the Motion for Remand and awarded attorney's fees and costs to the plaintiffs.
*Id*. at *6.

Here, Boeing filed its notice of removal 6 days after Plaintiffs filed their First
Amended Complaint and the day before a hearing on the Coordinated Action in Los

1  Angeles Superior Court.  Smith Decl. ¶ 3.  When the First Amended Complaint was filed,

2  that pleading was uploaded to the electronic case management system the state court

3  judge ordered to be used for all filings in the Coordinated Action.  *Id*.  Boeing's counsel

4  was aware of the existence of this site.  *Id*.  Boeing has never denied that it was aware of

5  Plaintiffs' First Amended Complaint when it removed the action to federal court.  *Id*.

6     B.     **This Court Made an Express Finding That Boeing's Removal Was**

7            **Procedurally Defective**

8       Plaintiffs are entitled to recover their "just costs and any actual expenses, including

9  attorney's fees, incurred as a result of the removal" where remand is granted on the basis

10  of an objectively unreasonable removal.  28 U.S.C. § 1447(c); *Martin v. Franklin Capital*

11  *Corp*., 546 U.S. 132 (2005).  The Order granting Plaintiffs' motion for remand states:

12  "remand here is based on the procedural defect that Boeing removed the action on a non-

13  operative complaint."  Dkt. 51 p. 7.  The Order further found that *Borgman v. Insphere*

14  *Ins*., 2013 WL 1409921 (N.D. Cal. Apr. 8, 2013), which held that under state law an

15  amended pleading supersedes an original pleading at the time it is filed rather than the

16  time it is served, is the controlling standard, and Boeing cited no legal authority to the

17  contrary.  Dkt. 51 p. 5; *Id.* ("[A]ll of the cases Boeing relies on involve a situation in

18  which the original complaint was served but the amended complaint was not. Indeed,

19  Boeing acknowledged at the hearing that there do not appear to be any cases addressing

20  the precise situation presented here.").

21       Furthermore, Boeing was alerted to its procedural error by Plaintiffs at the outset.

22  Boeing, faced with the legal authority requiring removal only on the operative complaint,

23  knowing the Amended Complaint eliminated any basis whatsoever for Price Anderson or

24  Federal Officer removal, chose a strategy which was not objectively reasonable.  Boeing

25  did not have a reasonable basis for removal here because the controlling law is clear that

26  only an operative pleading may be removed.[12]  Furthermore, it refused to correct its error,

27

28  [12] *Borgman v. Insphere Ins*., 2013 WL 1409921 (N.D. Cal. Apr. 8, 2013).

PLAINTIFFS' MEMORANDUM ISO MOTION FOR ATTORNEY'S FEES

1   despite Plaintiffs informing Boeing within a few days of their fatally defective removal.

2   Smith Decl. ¶ 3; Ex. 1 to Smith Decl.  If attorneys' fees are not awarded under these

3   facts, then Boeing is rewarded for its pursuit of a costly delay strategy which was not

4   based on objectively reasonable grounds and which was contrary to controlling state law

5   at the time the removal was filed.  *Martin v. Franklin Capital Corp*., 546 U.S. 132

6   (2005).  Furthermore, Boeing did not meet its burden of showing that there was federal

7   jurisdiction under 28 U.S.C. § 1442, and Boeing's appeal was summarily dismissed by

8   the Ninth Circuit.  Ex. 4 to Smith Decl.  After Boeing filed a motion to reconsider the

9   dismissal of its appeal, Plaintiffs filed a brief arguing that the appeal should be dismissed

10  for lack of appellate jurisdiction, in addition to being a correct affirmance of the District

11  Court's Order.  *See* Smith Decl. ¶ 14; Ex. 5 to Smith Decl.  The Ninth Circuit dismissed

12  the appeal for lack of appellate jurisdiction.  *Id.*

13        **C.    Plaintiffs Have Submitted Satisfactory Evidence to Support**

14              **Reimbursement of Their Fees and Costs**

15        Plaintiffs have submitted their contemporaneous time records for tasks solely

16  related to Boeing's removal of the nonoperative pleading.  *See* Ex. 6 to Smith Decl.  Ms.

17  Smith attempted to segregate all activity in the state court and deleted it from the attached

18  time record, so that only the time required to be spent in the useless removal action is

19  submitted here.  Smith Decl. ¶ 15.  Litigating in federal court is lawyer intensive and very

20  expensive, particularly when there is an identical state court action ongoing, which

21  plaintiffs must continue to monitor and be a part of as much as is allowed.  There was

22  activity in the same cases in the state court at the same time the federal action was being

23  litigated.  For example, the state court judge, the Honorable William Highberger, holds

24  regular twice monthly status conferences.  Smith Decl. ¶ 16.

25        Plaintiffs have also submitted evidence "that the requested rates are in line with

26  those prevailing in the community for similar services by lawyers of reasonably

27  comparable skill, experience and reputation."  *Blum v. Stenson*, 465 U.S. 886, 896 n.11

28  (1984); Smith Decl. ¶¶ 17-22.  The requested rates are those which Howarth & Smith

1  regularly charge for counsel, law clerks, and paralegals and they are paid by other clients

2  of the firm.  *Id.*  In the Ninth Circuit, "[a]ffidavits of the plaintiffs' attorney[s] and other

3  attorneys regarding prevailing fees in the community, and rate determinations in other

4  cases ... are satisfactory evidence of the prevailing market rate."  *Ortiz v. Citibank, N.A.*,

5  2018 WL 6930889, at *5 (C.D. Cal. Jan. 10, 2018) (internal citations omitted).  "[T]he

6  relevant community [when evaluating an attorney's rate] is the forum in which the

7  district court sits."  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

8  Even though Plaintiffs' Counsel spent many hours on activities in federal court which

9  were unnecessary, including many hours on moving for remand and opposing Boeing's

10  motion for stay (and more time on opposing a stay in the Ninth Circuit and an appeal),

11  Plaintiffs ask the Court to award only $150,000 in attorneys' fees, which is a fraction of

12  the fees and costs, $384,342.50 actually incurred and a conservative request.  *See* Ex. 6 to

13  Smith Decl.

14  **III.   CONCLUSION**

15        Boeing's removal was both procedurally defective and objectively unreasonable.

16  Boeing's removal lacked any colorable basis under well-established California law.

17  Boeing's unreasonable, improper, and ultimately unsuccessful removal caused Plaintiffs'

18  well over $150,000 in unnecessary attorneys' fees and costs.  For all the foregoing

19  reasons, Plaintiffs respectfully request that this Court enter an order requiring Boeing and

20  its counsel to partially reimburse in the amount of $150,000 Plaintiffs' fees and costs

21  incurred as a direct result of Boeing's improper removal.

22

23                                          Respectfully submitted,

24  Dated: December 22, 2020            HOWARTH & SMITH
                                        DON HOWARTH
25                                      SUZELLE M. SMITH
                                        KATHERINE HIGHT
26                                      PAULEEN TRUONG

27

28

PLAINTIFFS' MEMORANDUM ISO MOTION FOR ATTORNEY'S FEES

By: _____

Suzelle M. Smith
Attorney for Plaintiffs
ANDREW VON OEYEN, et al.

Dated: December 22, 2020

LAW OFFICES OF AMES SMITH
ARCHIBALD M. SMITH, IV

By: _____

Archibald M. Smith, IV
Attorney for Plaintiffs
ANDREW VON OEYEN, et al.

13

PLAINTIFFS' MEMORANDUM ISO MOTION FOR ATTORNEY'S FEES