1   THEODORE J. BOUTROUS JR., SBN 132099
        tboutrous@gibsondunn.com
2   ABBEY HUDSON, SBN 266885
        ahudson@gibsondunn.com
3   GIBSON, DUNN & CRUTCHER LLP
    333 South Grand Avenue
4   Los Angeles, CA  90071-3197
    Telephone:  213.229.7000
5   Facsimile:   213.229.7520

6   PETER S. MODLIN, SBN 151453
        pmodlin@gibsondunn.com
7   GIBSON, DUNN & CRUTCHER LLP
    555 Mission Street, Suite 3000
8   San Francisco, CA  94105-0921
    Telephone:  415.393.8200
9   Facsimile:   415.393.8306

10  THOMAS A. MANAKIDES, SBN 229119
        tmanakides@gibsondunn.com
11  GIBSON, DUNN & CRUTCHER LLP
    3161 Michelson Drive
12  Irvine, CA  92612-4412
    Telephone:  949.451.3800
13  Facsimile:   949.451.4220

14  PETER E. SELEY, *admitted pro hac vice*
        pseley@gibsondunn.com
15  GIBSON, DUNN & CRUTCHER LLP
    1050 Connecticut Avenue, N.W.
16  Washington, DC  20036-5306
    Telephone:  202.955.8500
17  Facsimile:   202.467.0539

18  Attorneys for Defendant The Boeing Company

19

20              UNITED STATES DISTRICT COURT

21              CENTRAL DISTRICT OF CALIFORNIA

22                                          | CASE NO. 2:19-cv-3955

23  ANDREW VON OEYEN, et al.,               | **THE BOEING COMPANY'S**
                                            | **OPPOSITION TO PLAINTIFFS'**
24              Plaintiffs,                 | **MOTION FOR ATTORNEYS' FEES**
                                            | **PURSUANT TO 28 U.S.C. § 1447(c)**
25      v.
                                            | Action Filed:  February 8, 2019
26  SOUTHERN CALIFORNIA EDISON
    COMPANY, et al.,

27              Defendants.

28

1

**TABLE OF CONTENTS**

2

<u>Page</u>

3

I. INTRODUCTION ...................................................................................... 1

4

II. FACTUAL BACKGROUND ....................................................................... 3

5

III. LEGAL STANDARD ................................................................................ 5

6

IV. ARGUMENT ............................................................................................ 6

7

      A.      Plaintiffs Missed the Fourteen-Day Deadline to Seek Attorneys'

8

              Fees by More than One Year ...................................................... 6

9

      B.      Plaintiffs Already Requested Attorneys' Fees in Their Motion to

10

              Remand and the Court Did Not Grant Their Request ............................... 9

11

      C.      Boeing Had an Objectively Reasonable Basis to Remove the Case........ 10

12

      D.      Plaintiffs' Requested Attorneys' Fees Are Unreasonable and Lack

13

              Evidentiary Support ................................................................ 13

14

            1.     Plaintiffs' Appellate Attorneys' Fees Are Not Recoverable ........ 14

15

            2.     Plaintiffs' Counsels' Claimed Rates Are Unreasonable............... 15

16

            3.     Plaintiffs' Counsels' Claimed Number of Hours Is

17

                 Unreasonable.................................................................. 17

18

            4.     Proper Lodestar Calculation ....................................................... 20

19

V. CONCLUSION ........................................................................................ 21

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Cases**

Page(s)

*Abrego v. City of Los Angeles*,
2017 WL 3453293 (C.D. Cal. June 16, 2017)..............................................15, 16, 17

*Albion Pac. Prop. Res., LLC v. Seligman*,
329 F. Supp. 2d 1163 (N.D. Cal. 2004)....................................................................16

*Arizona Dream Act Coalition v. Brewer*,
2018 WL 6448395 (D. Ariz. Dec. 10, 2018)............................................................15

*Arnhoelter v. Kaus*,
2020 WL 4673160 (D. Ariz. Aug. 12, 2020) .............................................................7

*Baddie v. Berkeley Farms, Inc.*,
64 F.3d 487 (9th Cir. 1995) ......................................................................5, 18, 19

*Borgman v. Insphere Ins.*,
2013 WL 1409921 (N.D. Cal. Apr. 8, 2013)............................................................11

*Cabalce v. Thomas E. Blanchard & Assocs., Inc.*,
797 F.3d 720 (9th Cir. 2015) ...................................................................................13

*Camacho v. Bridgeport Fin., Inc.*,
523 F.3d 973 (9th Cir. 2008) .........................................................................14, 15, 20

*Estate of Campbell v. S. Jersey Med. Ctr.*,
732 F. App'x 113 (3d Cir. 2018) ..............................................................................13

*Chaudhry v. City of Los Angeles*,
751 F.3d 1096 (9th Cir. 2014) .........................................................................16, 18, 20

*Cummings v. Connell*,
402 F.3d 936 (9th Cir. 2005) ...........................................................................2, 14, 15

*Decatur Hosp. Auth. v. Aetna Health, Inc.*,
854 F.3d 292 (5th Cir. 2017) ...................................................................................13

*Dietrich v. Autozone West, Inc.*,
2019 WL 5565979 (C.D. Cal. Oct. 28, 2019) ....................................................19, 20

*Fischer v. SJB–P.D. Inc.*,
214 F.3d 1115 (9th Cir. 2000) ..................................................................................18

Gibson, Dunn & Crutcher LLP

*Goel v. Coalition Am. Holding Co.*,
    2011 WL 13128299 (C.D. Cal. May 19, 2011)........................................................11

*Goldberg v. Cameron*,
    2015 WL 5316339 (N.D. Cal. Sept. 11, 2015).......................................................11

*Goldberg v. Cameron*,
    694 F. App'x 564 (9th Cir. 2017).................................................................11, 12

*Gonzalez v. City of Maywood*,
    729 F.3d 1196 (9th Cir. 2013) ...........................................................................16

*Harmston v. City & Cty. of San Francisco*,
    627 F.3d 1273 (9th Cir. 2010) .............................................................................7

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983).............................................................................................18

*Jericho Group, Ltd. v. Midtown Dev., L.P.*,
    2008 WL 11517868 (S.D.N.Y. May 23, 2008) ....................................................1, 7

*John B. Schlaerth MD v. Spirtos*,
    308 F. App'x 196 (9th Cir. 2009)........................................................................20

*Lakeland Anesthesia, Inc. v. Aetna U.S. Healthcare, Inc.*,
    2000 WL 1251945 (E.D. La. Aug. 31, 2000) ........................................................6

*Lewis v. QVC, Inc.*,
    2017 WL 1423703 (C.D. Cal. Apr. 20, 2017).....................................................2, 10

*Lopez v. Pfeffer*,
    2013 WL 5367723 (N.D. Cal. Sept. 25, 2013)..................................................19, 20

*Lopez v. Silva*,
    2020 WL 2619163 (C.D. Cal. Apr. 16, 2020)......................................................15

*Luevano v. Ford Motor Co.*,
    2019 WL 2177640 (C.D. Cal., May 17, 2019) ....................................................13

*Lussier v. Dollar Tree Stores, Inc.*,
    518 F.3d 1062 (9th Cir. 2008) .....................................................................*passim*

*Martin v. Franklin Capital Corp.*,
    546 U.S. 132 (2005)..........................................................................................5, 9

*Mead v. Mead*,
    2011 WL 1496717 (D. Nev. Apr. 19, 2011) ........................................................... 7

*Milner v. TBWA Worldwide, Inc.*,
    2019 WL 5617757 (C.D. Cal. Oct. 30, 2019) ...................................................... 11

*Mints v. Educ. Testing Serv.*,
    99 F.3d 1253 (3d Cir. 1996) ................................................................................. 7

*Najera v. Costco Wholesale Corp.*,
    2017 WL 6033666 (C.D. Cal., Dec. 6, 2017) ..................................................... 12

*Ngo v. United Airlines, Inc.*,
    2019 WL 7282481 (N.D. Cal. Dec. 27, 2019) ................................................... 11

*Ortiz v. Citibank, N.A.*,
    2018 WL 6930889 (C.D. Cal. Jan. 10, 2018) ................................................. 9, 11

*Palisades Capital Realty Advisors, LLC v. Presidential Realty Corp.*,
    2017 WL 4011132 (C.D. Cal., Sept. 12, 2017) ................................................. 13

*Rangel v. Bridgestone Retail Operations*,
    200 F. Supp. 3d 1024 (C.D. Cal. Aug. 4, 2016) ............................................... 10

*Retta v. Millennium Prod., Inc.*,
    2017 WL 5479637 (C.D. Cal. Aug. 22, 2017) ................................................... 15

*Scheft v. BMW of N. Am., LLC*,
    2020 WL 4534952 (C.D. Cal. Aug. 6, 2020) ...................................................... 5

*Stallworth v. Greater Cleveland Reg'l Transit Auth.*,
    105 F.3d 252 (6th Cir. 1997) ................................................................................. 7

*Toledo Police Patrolmen's Ass'n v. City of Toledo*,
    167 F. Supp. 2d 975 (N.D. Ohio 2001) ............................................................... 6

*Traeger Grills E., LLC v. Traeger Pellet Grills, LLC*,
    2012 WL 860420 (D. Or. Mar. 13, 2012) .......................................................... 18

*Ug v. Mortg. Lender Servs., Inc.*,
    2010 WL 3464421 (N.D. Cal. Sept. 1, 2010) .............................................. 18, 20

*United States v. Ensminger*,
    567 F.3d 587 (9th Cir. 2009) .............................................................................. 12

*Welch v. Metro. Life Ins. Co.*,
    480 F.3d 942 (9th Cir. 2007) .......................................................................... 18

*White v. Santa Clara Valley Water Dist.*,
    2020 WL 6561358 (N.D. Cal. Nov. 9, 2020)................................................. 20

*Wong v. Costco Wholesale Corp.*,
    2019 WL 446226 (C.D. Cal. Feb. 5, 2019) ...................................... 3, 18, 20

**Statutes**

28 U.S.C. § 1442................................................................................................4, 13

28 U.S.C. § 1447.............................................................................................*passim*

**Other Authorities**

https://www.supremecourt.gov/orders/courtorders/031920zr_d1o3.pdf......................... 8

**Rules**

Central District Local Rule 7-18..........................................................................2, 9

Central District Local Rule 54-7.......................................................................1, 6, 8

Ninth Circuit Rule 39–1.6...................................................................................... 15

Fed. R. Civ. P. 54............................................................................................*passim*

Supreme Court Rule 13(1)...................................................................................... 8

Gibson, Dunn &
Crutcher LLP

# I.    INTRODUCTION

Plaintiffs seek attorneys' fees in connection with their motion to remand that was granted in August 2019.  But Plaintiffs missed the 14-day deadline to seek attorneys' fees by well over a year, and they make no attempt to justify their lengthy delay.  Although Plaintiffs prevailed on their motion to remand, they cannot change the fact that the question raised by Boeing's removal was an issue of first impression in the Ninth Circuit—leading this Court to observe that "[p]resumably at some point, the Court of Appeals will tell us who is right and who is wrong" on this "very interesting issue."  Manakides Decl. Ex. A (Aug. 12, 2019 Hr'g Tr.) at 8:10–11, 15–16.  Plaintiffs' hindsight-based arguments do not demonstrate that Boeing lacked an objectively reasonable basis for removal, or establish a basis for the Court to reconsider its earlier decision not to award fees.  The Court should deny Plaintiffs' Motion in full.

*First*, Plaintiffs' Motion for attorneys' fees is untimely.  Under FRCP 54(d)(2), Plaintiffs were required to file their claim for attorneys' fees and costs "no later than 14 days after the entry of judgment."  Local Rule 54-7 similarly imposes a 14-day requirement.  Here, the 14-day time limit started running August 16, 2019, when the Court entered its order remanding the case.  ECF No. 51; *Jericho Group, Ltd. v. Midtown Dev., L.P.*, 2008 WL 11517868, at *2 (S.D.N.Y. May 23, 2008) ("a remand order [is] the equivalent of a final judgment – because it terminates the case in the district court – and . . . Fed. R. Civ. P. 54(d)(2)(B) sets the outer limit for applying for an award of attorneys' fees") (collecting cases).  Plaintiffs ignored this deadline entirely and waited more than 16 months before filing their motion on December 22, 2020.  The Court should deny Plaintiffs' belated fee motion on this basis alone.

*Second*, the Court already considered Plaintiffs' identical request for attorneys' fees in their motion to remand, and declined to award fees.  That request was based on the same authorities and arguments Plaintiffs rely on now.  ECF No. 26-1 at 23 (arguing that "Boeing lacked an objectively reasonable basis for seeking removal on both procedural and substantive grounds" and seeking "all actual expenses incurred as a result

of removal"). The Court's tentative ruling did not award attorneys' fees, and Plaintiffs' counsel failed to raise the lack of a fee award at the hearing. When the Court adopted its tentative ruling as its final order, Plaintiffs again failed to raise the issue in a motion for reconsideration. There is no basis for Plaintiffs to relitigate the issue of attorneys' fees more than a year later. *See* Central District Local Rule 7-18 ("Absent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application.").

*Third*, Boeing had an objectively reasonable basis to remove Plaintiffs' original complaint. Plaintiffs do not dispute that their original complaint alleged a valid basis for removal, nor do they dispute that they failed to serve the amended complaint that omitted the basis for removal. At the time of removal, at least five reported district court cases in California and one unpublished Ninth Circuit opinion supported Boeing's position that "an amended complaint supersedes the original complaint only when the amended complaint is *served*." *See Lewis v. QVC, Inc.*, 2017 WL 1423703, at *3 (C.D. Cal. Apr. 20, 2017); *infra* section IV.C. While this Court ultimately distinguished these cases on the grounds that the original complaint in these cases *had* been served (ECF No. 51 at 5), Plaintiffs have not cited any decision (much less a controlling decision) deciding which complaint controls when neither the original complaint, nor the amended complaint was served. Thus, attorneys' fees are unavailable because there is no controlling "case law [that] clearly foreclosed [Boeing's] basis of removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008).

*Finally*, even if Plaintiffs were entitled to attorneys' fees (they are not), their request for $150,000 is excessive as a matter of law. For example, Plaintiffs seek nearly $90,000 in appellate attorneys' fees. ECF No. 66-6. But "a request for attorney's fees incurred on appeal must be made to [the Ninth Circuit], not to the district court. The district court *is not authorized to award attorney's fees for an appeal*." *Cummings v. Connell*, 402 F.3d 936, 940 (9th Cir. 2005), amended, 2005 WL 1154321 (9th Cir. May 17, 2005) (emphasis added). Similarly, while Plaintiffs seek fees at a rate of $700/hour

for associates and $1,000/hour for partners, the 2018 Real Rate Report—frequently relied upon by courts for determining rates for fee awards—shows that those rates are more than triple the going rate charged by Los Angeles attorneys at similar firms doing similar work.   Manakides Decl. Ex. B (2018 Real Rate Report) at 116.   Further, Plaintiffs' supporting time sheet is impermissibly block billed, and shows that Plaintiffs have included tasks that in no way relate to their motion to remand—such as "preparation of client status letters," "letter to [co-defendant] SCE regarding meet and confer," and "settlement negotiations."   ECF No. 66-6.   Any reasonable award of attorneys' fees would have to reduce Plaintiffs' claimed amount by more than 95% to be in line with similar awards in the Central District.   *See Wong v. Costco Wholesale Corp.*, 2019 WL 446226, at *2 (C.D. Cal. Feb. 5, 2019) (awarding $4,500 in attorneys' fees for "filing [] motion to remand and accompanying reply brief").

A party that prevails on a motion to remand is not automatically entitled to attorneys' fees, but must show that there was no objectively reasonable basis for removal.   The simple fact that Plaintiffs' counsel claim to have spent nearly 500 hours, and incurred $384,000 in fees responding to what they claim was an open-and-shut legal issue, shows it was anything but.   Plaintiffs have not met their burden, and the Court should deny their untimely Motion in full.

## II.    FACTUAL BACKGROUND

Plaintiffs filed their original Complaint against Boeing in California state court on February 8, 2019.   Plaintiffs did not serve Boeing with the original Complaint.   ECF No. 65 ("Motion for Fees") at 1.   The Complaint sought damages resulting from the Woolsey Fire, alleging that it "ignited on or near" Boeing's "Santa Susana Field Laboratory."   ECF No. 1–2 (Complaint) ¶ 3.   Plaintiffs claimed that Santa Susana is "contaminated with tons of radioactive and toxic chemical waste, created by decades of nuclear accidents and rocket testing."   *Id.* ¶ 81.   Based on these allegations, Plaintiffs sought an injunction "directing the Boeing Defendants to abate the existing and continuing nuisance . . . including, but not limited to, cleaning up the SSFL to the

standard to which they originally volunteered in 2010." *Id.* ¶ 155. On March 19, 2019, Plaintiffs' counsel sent a courtesy copy of the Complaint to Boeing's General Counsel stating that they would serve the summonses once the Court issued them. ECF No. 33-1 (June 24, 2019 Manakides Decl.) ¶ 8.

On April 30, 2019, Plaintiffs amended their Complaint, deleting many of the allegations and requests for relief based on contamination in an effort to defeat federal jurisdiction. ECF No. 26-1 (Motion to Remand) at 2. Plaintiffs concede that they did not serve Boeing with the Amended Complaint before Boeing filed its Notice of Removal, asserting federal officer jurisdiction under 28 U.S.C. § 1442 and jurisdiction under the Price-Anderson Act. Motion for Fees at 1.

Plaintiffs moved to remand to state court in June 2019, arguing that their unserved Amended Complaint controlled and seeking an award of attorneys' fees under 28 U.S.C. § 1447(c). ECF No. 26-1. Boeing opposed the remand, including the request for attorneys' fees (ECF No. 33 at 25), and Plaintiffs further argued for an attorney fee award on reply (ECF No. 38 at 25). At the hearing, the Court issued a tentative ruling granting Plaintiffs' motion to remand, but did not award attorneys' fees. ECF No. 49-1. At the hearing, the Court noted this is a "[v]ery interesting issue here" and commented that "[p]resumably at some point, the Court of Appeals will tell us who is right and who is wrong." Manakides Decl. Ex. A (Aug. 12, 2019 Hr'g Tr.) at 8:10–11, 15–16. Plaintiffs' counsel did not raise the issue of attorneys' fees at oral argument. *Id*. On August 16, 2019, the Court adopted its tentative ruling and granted the motion to remand without granting Plaintiffs' request for attorneys' fees. ECF No. 51. Plaintiffs did not file a motion seeking reconsideration of that order.

Boeing appealed the remand order, and the Ninth Circuit initially issued an order on October 31, 2019 "summarily affirm[ing]" the remand order and dismissing the appeal for lack of jurisdiction. ECF No. 66-4. However, Boeing filed a motion for reconsideration, and on March 24, the Ninth Circuit noted that "[t]he motion for reconsideration raises issues that warrant a response." ECF No. 61. On June 19, 2020,

the court granted Boeing's motion in part, ruling that "[t]he October 31, 2019 order is vacated." ECF No. 66-5. The court then dismissed the appeal for lack of appellate jurisdiction. *Id.* Plaintiffs did not file an application for attorneys' fees in the Ninth Circuit.

On December 22, 2020—more than sixteen months after this Court granted their motion to remand the case, and more than six months after the Ninth Circuit dismissed the appeal—Plaintiffs filed their Motion for Attorneys' Fees.

## III. LEGAL STANDARD

The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Scheft v. BMW of N. Am., LLC*, 2020 WL 4534952, at *2 (C.D. Cal. Aug. 6, 2020) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

The Ninth Circuit has reiterated that "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier*, 518 F.3d at 1065. Rather, the court must assess "whether the relevant case law clearly foreclosed the defendant's basis of removal" by considering the "clarity of the law at the time of removal." *Id.* at 1066. Where removal presents an issue of "first impression," costs cannot be awarded under § 1447(c). *Id.*

Where fees are recoverable, the Ninth Circuit has held that "fees and costs incurred in federal court after a removal [that] may be related only tenuously to the removal, [such as] fees and costs that would have been incurred in state court if the litigation had proceeded there" are not recoverable. *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490 (9th Cir. 1995).

Gibson, Dunn &
Crutcher LLP

## IV.   ARGUMENT

Plaintiffs' Motion for Attorneys' Fees should be denied in full because it is untimely, was already considered and declined by the Court, and because Boeing's removal presented an issue of first impression that was not foreclosed by controlling law.  Further, even if Plaintiffs were entitled to fees (they are not), they failed to meet their burden to prove a reasonable amount of attorneys' fees, and submitted a request based on unrecoverable appellate attorneys' fees, unreasonable rates, and block-billed time entries that are unrelated to their motion to remand.

### A.   Plaintiffs Missed the Fourteen-Day Deadline to Seek Attorneys' Fees by More than One Year

Under FRCP 54(d)(2), Plaintiffs were required to file their claim for attorneys' fees and costs "no later than 14 days after the entry of judgment"—on August 16, 2019, when the Court issued its remand order.  Local Rule 54-7 requires the same:  "*Any* motion or application for attorneys' fees shall be served and filed within fourteen (14) days after the entry of judgment or other final order, unless otherwise ordered by the Court." (emphasis added).  Plaintiffs ignored this deadline and their Motion should be denied on that basis alone.

Although district courts retain jurisdiction after remand to consider motions for attorneys' fees, that jurisdiction is not everlasting.  Otherwise, a state court litigant could "return to federal court whenever he may feel like doing so for the sole purpose of raising a fee claim," which "multiplies litigation and serves, at best, as a distraction with regard to the state court proceedings." *Toledo Police Patrolmen's Ass'n v. City of Toledo,* 167 F. Supp. 2d 975, 977 (N.D. Ohio 2001); *see also Lakeland Anesthesia, Inc. v. Aetna U.S. Healthcare, Inc.*, 2000 WL 1251945, at *3 (E.D. La. Aug. 31, 2000) (denying request for attorneys' fees under § 1447(c) as untimely under Rule 54 because "[t]o find otherwise would be to provide applicants with an unlimited period of time in which to come back to district court after a remand order and seek attorney fees.").  Thus, under Federal Rule of Civil Procedure 54 and Central District Local Rule 54-7, Plaintiffs had

14 days from the court's "entry of judgment" to file a motion for attorneys' pursuant to § 1447(c).  *See Stallworth v. Greater Cleveland Reg'l Transit Auth.,* 105 F.3d 252, 257 (6th Cir. 1997) ("[T]he proper timeliness requirement for a motion for attorney fees in connection with remand is found in Fed.R.Civ.P. 54(d)(2)(B), which states that '[u]nless otherwise provided by statute or order of the court, the motion must be filed and served no later than 14 days after entry of judgment.'").  The Advisory Committee Notes to Rule 54 explain that "[p]rompt filing affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind. It also enables the court in appropriate circumstances to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case."  Fed. R. Civ. P. 54 Advisory Committee's notes.

When considering the timeliness of motions brought under § 1447(c), an order remanding the case to state court constitutes "entry of judgment."  *See Jericho Group, Ltd. v. Midtown Dev., L.P.*, 2008 WL 11517868, at *2 (S.D.N.Y. May 23, 2008) ("most courts that have considered the question treat a remand order as the equivalent of a final judgment – because it terminates the case in the district court – and have ruled that Fed. R. Civ. P. 54(d)(2)(B) sets the outer limit for applying for an award of attorneys' fees") (collecting cases); *Mints v. Educ. Testing Serv.,* 99 F.3d 1253, 1259 (3d Cir. 1996) ("We believe that an order of remand would be regarded as a judgment under Rule 54(d)(2)(B), even though it is not appealable, since the entry of the order would terminate the matter in the district court"); *see also Arnhoelter v. Kaus*, 2020 WL 4673160, at *3 n.4 (D. Ariz. Aug. 12, 2020) (finding that motion for attorneys' fees was timely filed because it fell within the fourteen-day deadline in local rules); *Mead v. Mead*, 2011 WL 1496717, at *2 (D. Nev. Apr. 19, 2011) (same).  And in the analogous context of determining the timeliness of a notice of appeal, the Ninth Circuit has held that a "district court's remand order constitute[s] a final order."  *Harmston v. City & Cty. of San Francisco*, 627 F.3d 1273, 1279 (9th Cir. 2010).

Plaintiffs simply ignored the fourteen-day deadline and filed their Motion *sixteen months* after this Court remanded the case. *See* ECF No. 51 (Aug. 16, 2019 Remand Order). Indeed, Plaintiffs' time sheets show that in October 2019, Plaintiffs' counsel started working on a "Central District motion for attorneys' fees" (ECF No. 66-6), but Plaintiffs inexplicably waited more than a year to file that motion. Plaintiffs' Motion is untimely under FRCP 54(d)(2) and Local Rule 54-7.

Plaintiffs' Motion is completely silent as to the timeliness requirements of FRCP 54(d)(2) or Local Rule 54-7. Instead, they claim that the "deadline to file a petition for writ of certiorari to the United States Supreme Court, December 10, 2020, has now expired," as if this could somehow excuse their sixteen-month delay in moving for attorneys' fees. Motion for Fees at 4. That is both incorrect and irrelevant.

Plaintiffs calculated the certiorari deadline wrong. The deadline to petition for certiorari was actually November 16, 2020—more than one month before Plaintiffs' December 22, 2020 Motion for Fees. The relevant date for calculating the 150-day certiorari deadline is June 19, 2020, the date the Ninth Circuit issued its order dismissing the appeal, not the date "[t]he mandate issued," which is the date Plaintiffs used to calculate the deadline. Motion for Fees at 4. Supreme Court Rule 13(1) expressly states that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and *not from the issuance date of the mandate*." (emphasis added); Supreme Court Miscellaneous Order issued March 19, 2020, *available at* https://www.supremecourt.gov/orders/courtorders/031920zr_d1o3.pdf.

Moreover, FRCP 54(d)(2) and Local Rule 54-7's fourteen-day time limit runs from "the entry of judgment"—Plaintiffs cite no authority holding that the deadline does not even start running until after all appeals have been exhausted and the deadline to seek certiorari has passed. And because the district court lacks authority to award appellate attorneys' fees, there is no reason for a party to delay its application for fees. *See infra* section D.1.

Through their undue delay, Plaintiffs have forced the Court to do exactly what the fourteen-day deadline seeks to avoid: revisit this issue when "the services performed are [not] freshly in mind." Fed. R. Civ. P. 54 Advisory Committee's notes. Indeed, Plaintiffs are requesting that the Court again analyze the complex legal issues presented by the remand motion sixteen months after already doing so (*see infra* section C), and have created the potential for a second trip to the Ninth Circuit, instead of allowing "a dispute over fees to proceed at the same time as review on the merits of the case." Fed. R. Civ. P. 54 Advisory Committee's notes. Plaintiffs' delay is an independent basis to reject their Motion.

**B.    Plaintiffs Already Requested Attorneys' Fees in Their Motion to Remand and the Court Did Not Grant Their Request**

Plaintiffs fail to acknowledge that the Court already declined their identical request for fees that they included in their motion to remand. Plaintiffs' motion to remand argued that "Boeing lacked an objectively reasonable basis for seeking removal on both procedural and substantive grounds" and that "Plaintiffs are entitled to all actual expenses incurred as a result of removal." ECF No. 26-1 at 23. In support, Plaintiffs cited the same authorities they rely on in their current Motion: *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005); *Ortiz v. Citibank, N.A.*, 2018 WL 6930889 (C.D. Cal. Jan. 10, 2018); and 28 U.S.C. § 1447 (c). *Id.* Boeing opposed the fee request (ECF No. 33 at 25) and Plaintiffs again argued for fees on reply (ECF No. 38 at 25). Plaintiffs' counsel, however, failed to raise the issue of attorneys' fees at the hearing on their remand motion. Manakides Decl. Ex. A (Aug. 12, 2019 Hr'g Tr.). And Plaintiffs did not move for reconsideration when the Court adopted its tentative order that did not include an award of fees. ECF No. 51.

There is no basis for Plaintiffs to relitigate their request for attorneys' fees more than one year later based on identical arguments and authorities. *See* Central District Local Rule 7-18 ("Absent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or

application.").  The only fact that has changed in the interim is that the Ninth Circuit, following its request for briefing, declined to exercise appellate jurisdiction to decide the issue of first impression raised in Boeing's removal.  But the Ninth Circuit's ultimate decision is irrelevant to Plaintiffs' ability to recover fees.  *Lussier*, 518 F.3d at 1065 ("removal is not objectively unreasonable solely because the removing party's arguments lack merit").  And Plaintiffs had a separate avenue to seek attorneys' fees before the Ninth Circuit.  *See infra* section D.1.  Thus, any claim that Plaintiffs somehow needed to wait for the Ninth Circuit to weigh in to seek attorneys' fees before this Court is wrong and only supports Boeing's position that there was an objectively reasonable basis for removal.

## C.    Boeing Had an Objectively Reasonable Basis to Remove the Case

Boeing had an objectively reasonable basis to remove Plaintiffs' original Complaint, rather their un-served Amended Complaint, and there was certainly no controlling "case law [that] clearly foreclosed [Boeing's] basis of removal."  *Lussier*, 518 F.3d at 1066.

At least five reported district court cases in California and one unpublished Ninth Circuit opinion supported Boeing's position.  Each of these cases held that when a defendant removes a case after an amended complaint is filed, but before it is served, the original complaint is the operative pleading.  In *Lewis v. QVC, Inc.*, the court held that "an amended complaint supersedes the original complaint only when the amended complaint is *served*."  2017 WL 1423703, at *3.  Similarly, in *Rangel v. Bridgestone Retail Operations*, the court held that "the original Complaint was operative at the time of the removal as there is no evidence that Defendants had been served the FAC before filing their notice of removal."  200 F. Supp. 3d 1024, 1029 n.2 (C.D. Cal. Aug. 4, 2016); *see also Noorazar*, 2019 WL 442477, at *3 (denying motion to remand because the amended complaint was served after removal and the original complaint was therefore "still operative," and noting that "[t]he Central and Northern Districts have consistently held that an amended complaint supersedes the original only when served on the

opposing party"); *Goldberg v. Cameron*, 2015 WL 5316339, at *3–4 (N.D. Cal. Sept. 11, 2015) (denying motion to remand and holding that "because [plaintiff] did not serve the amended complaint, the original complaint controls"); *Goldberg v. Cameron*, 694 F. App'x 564, 565 (9th Cir. 2017) ("neither filing was served on the defendants prior to removal, however, so neither filing was proper under California law at the time of removal"); *Goel v. Coalition Am. Holding Co.*, 2011 WL 13128299, at *6 (C.D. Cal. May 19, 2011) ("Because Plaintiff had not yet served the FAC on Coalition America at the time of removal, the FAC had not yet superseded the initial complaint.").[1]

While the Court ultimately distinguished these cases on the grounds that they "involve a situation in which the original complaint was served but the amended complaint was not" (ECF No. 51 at 5)—that distinction applies with equal force to the one contrary authority that Plaintiffs cite reaching the opposite conclusion.  Motion for Fees at 9 (citing *Borgman v. Insphere Ins.*, 2013 WL 1409921, at *3 (N.D. Cal. Apr. 8, 2013)).  Similarly, *Ortiz v. Citibank, N.A.*, did not reach the question raised by Plaintiffs' motion to remand—there, the plaintiff "served the [first amended complaint] on all defendants" on October 25, 2017, two days *before* the notice of removal was filed.  2018 WL 6930889, at *3 (C.D. Cal. Jan. 10, 2018).  Plaintiffs have not cited a single decision involving the facts of this case—where a plaintiff files two different complaints without serving either of them, and the defendant removes the first-filed complaint.

---

[1] Since the August 2019 remand order, at least two other district court cases have reached similar conclusions. *See Milner v. TBWA Worldwide, Inc.,* 2019 WL 5617757, at *2 (C.D. Cal. Oct. 30, 2019) (finding that removal was procedurally proper even though defendant removed four days after plaintiff filed an FAC because "[d]efendants were not served with the FAC until September 25, 2019, after they had removed the matter"); *see also Ngo v. United Airlines, Inc.*, 2019 WL 7282481, at *2 (N.D. Cal. Dec. 27, 2019) (declining to award attorneys' fees after finding that it was "undisputed that the FAC had not yet been served at the time of removal" and the original complaint was the operative complaint "for the purposes of determining whether removal was objectively unreasonable").

Gibson, Dunn & Crutcher LLP

In any event, the district court decisions Plaintiffs rely on (principally a Northern District case) are *per se* non-precedential and at most offer support for Plaintiffs' position without clearly foreclosing Boeing's argument, as required for an award of attorneys' fees. *See United States v. Ensminger*, 567 F.3d 587, 591 (9th Cir. 2009) ("The general rule is that a district judge's decision neither binds another district judge nor binds him, although a judge ought to give great weight to his own prior decisions.") (quotation omitted). The only Ninth Circuit decision on the question at issue is unpublished, and held that an amended complaint does not become relevant for removal purposes until after it is served. *Goldberg*, 694 F. App'x at 565 (9th Cir. 2017); *see also Najera v. Costco Wholesale Corp.*, 2017 WL 6033666, at *4 (C.D. Cal., Dec. 6, 2017) (Fitzgerald, J.) ("[T]he Court declines to award attorneys' fees and costs. . . . [I]n the absence of any Ninth Circuit authority clearly stating that unverified discovery responses constitute 'other papers' for purposes of § 1446(b), the Court does not conclude that Defendant had no colorable basis for removing the action on October 17, 2017.").

In light of these conflicting authorities, when the Court heard arguments on the motion to remand, it observed: "We have an interesting issue of law here." Manakides Decl. Ex. A (Aug. 12, 2019 Hr'g Tr.) at 3:15–16. And following the parties' arguments, the Court stated that "[p]resumably at some point, the Court of Appeals will tell us who is right and who is wrong," and again commented that this is a "[v]ery interesting issue here and excellent briefs." *Id*. at 8:10–11, 15–16. The Court's observations acknowledge that there was no "clarity of controlling law at the time of Boeing's removal," as Plaintiffs now contend. Motion for Fees at 8. Nor is the Court's commendation of the parties' briefing consistent with Plaintiffs' argument that Boeing lacked any "objectively reasonable basis" for opposing Plaintiffs' motion to remand. *Id*.

The mere fact that Plaintiffs ultimately prevailed on their motion to remand is irrelevant, and cannot substitute for the lack of controlling authority foreclosing Boeing's right to remove. *Lussier*, 518 F.3d at 1065. Plaintiffs rely heavily on an October 31, 2019 Ninth Circuit order that initially affirmed the Court's remand order

(*see* Motion for Fees at 3, 7 n.10, 11)—but Plaintiffs fail to mention that the Ninth Circuit *vacated* that order, after requesting briefing on the issue, in response to Boeing's motion for reconsideration.  ECF No. 66-5 (June 19, 2020 Order) ("The October 31, 2019 order is vacated.").  As a result, the only operative Ninth Circuit order in this case dealt exclusively with appellate jurisdiction—it said nothing about the merits of Boeing's removal, and it cannot support Plaintiffs' request for attorneys' fees.[2]  *Id.*

The Court should therefore deny Plaintiffs' Motion for Fees.  *See Lussier*, 518 F.3d at 1064; *Luevano v. Ford Motor Co.*, 2019 WL 2177640, at *4 (C.D. Cal., May 17, 2019) (Fitzgerald, J.) (denying plaintiffs' request for $1,300 in fees because defendant's removal was "colorable"); *Palisades Capital Realty Advisors, LLC v. Presidential Realty Corp.*, 2017 WL 4011132, at *2 (C.D. Cal., Sept. 12, 2017) (Fitzgerald, J.) ("[D]espite the strength of Plaintiffs' arguments and the reasonableness of the requested fee amount, this Court declines to award attorneys' fees.").

**D.   Plaintiffs' Requested Attorneys' Fees Are Unreasonable and Lack Evidentiary Support**

"District courts must calculate awards for attorneys' fees using the 'lodestar' method, and the amount of that fee must be determined on the facts of each case."

---

[2]  The Ninth Circuit's June 19, 2020 order remains the only order by any circuit court declining to hear the appeal of an order remanding a case that was initially removed under the federal officer removal statute, 28 U.S.C. § 1442—whether the remand was based on a procedural defect, or otherwise.  *See Cabalce v. Thomas E. Blanchard & Assocs., Inc.*, 797 F.3d 720, 727 n.1 (9th Cir. 2015) ("because this case was removed from state court pursuant to 28 U.S.C. § 1442, we have jurisdiction to review the order remanding the action to state court"); *Decatur Hosp. Auth. v. Aetna Health, Inc.*, 854 F.3d 292, 296 (5th Cir. 2017) (although "we ordinarily lack jurisdiction to review a remand order based on such a [procedural] defect, . . . the fact that Aetna relied upon the federal officer removal statute in its notice of removal permits appellate review"); *Estate of Campbell v. S. Jersey Med. Ctr.*, 732 F. App'x 113, 117 (3d Cir. 2018) (holding that a "procedural defect" bars appellate jurisdiction "unless the case was removed pursuant to 28 U.S.C. §§ 1442 or 1443"); 28 U.S.C. § 1447(d) ("an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal").

*Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citations and quotations omitted). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* (citations and quotations omitted). However, "the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Id.*

Plaintiffs submitted block-billed time sheets purporting to show over $380,000 in fees working on the case, though they seek to recover "only" $150,000 of that amount. But Plaintiffs include nearly $90,000 in appellate attorneys' fees—which were not awarded by the Ninth Circuit, and which this Court lacks jurisdiction to award. Counsel's claimed rates are also more than triple the going rate for this type of work in the Central District. And Plaintiffs' supporting time sheets make no attempt to limit their time entries to their successful motion to remand, and instead include unrelated tasks such as drafting discovery, preparing for a settlement negotiation, and drafting correspondence to their clients. For these reasons, even if Plaintiffs were entitled to attorneys' fees (they are not), the Court should drastically reduce any amount awarded, as set forth below.

### 1.    Plaintiffs' Appellate Attorneys' Fees Are Not Recoverable

Plaintiffs request $89,197.50 in appellate attorneys' fees incurred after the Court's August 16, 2019 remand order. ECF No. 66-6.[3] The Ninth Circuit has held that "a request for attorney's fees incurred on appeal must be made to us, not to the district court. The district court *is not authorized to award attorney's fees for an appeal* unless we transfer the fee request to the district court for consideration." *Cummings*, 402 F.3d at 940, amended, 2005 WL 1154321 (9th Cir. May 17, 2005) (emphasis added). In

---

[3] Following the Court's remand order on August 16, 2019, Plaintiffs' time sheet shows 49 time entries. Excluding the time entries on 10/24/19, 10/31/19, and 7/20/20—which relate to their motion for attorneys' fees—yields a total of $89,197.50, which presumably relate to the appeal, and in any event, cannot relate to the motion to remand, which had already been decided.

Gibson, Dunn &
Crutcher LLP

*Cummings*, the Ninth Circuit reversed the district court's award of appellate attorneys' fees and expenses "because plaintiffs failed to file their request with the court of appeals as required by Ninth Circuit Rule 39–1.6."  *Id.* at 947; *see also Arizona Dream Act Coalition v. Brewer*, 2018 WL 6448395, at *2 (D. Ariz. Dec. 10, 2018) ("This case is like *Cummings*, where the parties first sought appellate fees from the district court.  The Court will follow *Cummings* and not consider the request for fees on appeal.").

Moreover, Plaintiffs' Motion seeking appellate attorneys' fees is untimely under Ninth Circuit Rule 39–1.6, which requires that "[i]f a timely petition for rehearing is filed, the request for attorneys' fees shall be filed no later than 14 days after the Court's disposition of the petition."  Because Boeing's petition for rehearing was disposed of on June 19, 2020  (ECF No. 66 (Declaration of Suzelle Smith) ¶ 14), Plaintiffs' request for appellate attorneys' fees was not only filed in the wrong court, it was untimely by more than six months.  The Court should therefore cut at least $89,197.50 in appellate fees from the amount Plaintiffs seek.

### 2.    Plaintiffs' Counsels' Claimed Rates Are Unreasonable

"Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits."  *Camacho*, 523 F.3d at 979.  For attorney fee awards, courts in the Central District frequently rely on the Wolters Kluwer Real Rate Report: The Industry's Leading Analysis of Law Firm Rates, Trends, and Practices. *See Lopez v. Silva*, 2020 WL 2619163, at *3 (C.D. Cal. Apr. 16, 2020); *Abrego v. City of Los Angeles*, 2017 WL 3453293, at *6 (C.D. Cal. June 16, 2017).  "Courts have found that the Real Rate Report is a much better reflection of true market rates than self-reported rates in all practice areas."  *Retta v. Millennium Prod., Inc.*, 2017 WL 5479637, at *12 (C.D. Cal. Aug. 22, 2017).  Thus, "declarations filed by the fee applicant do not conclusively establish the prevailing market rate."  *Camacho*, 523 F.3d at 980.

Plaintiffs' Motion includes a declaration claiming the following rates for Plaintiffs' counsel's firm:

| Plaintiffs' Claimed Rates | |
|---|---|
| Partners | $1000 |
| Associates | $700 |
| Law Clerk | $250 |
| Paralegal | $175 |

ECF No. 66-6.  But "[n]otably absent from" the affidavit Plaintiffs submitted "is any 'evidence that their requested fees are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Abrego*, 2017 WL 3453293, at *4 (quoting *Chaudhry v. City of Los Angeles,* 751 F.3d 1096, 1110 (9th Cir. 2014)).  While counsel claim that their rates "are paid by *other* clients of the firm" (ECF No. 66 ¶ 17 (emphasis added)), they do not claim that the Von Oeyen plaintiffs are actually paying these rates for this type of work, nor do they offer any evidence that they receive these rates for *this type of work* in other cases—as opposed to the "intellectual property, contract and fraud matters, legal malpractice, law partnership disputes, and general business litigation" that their website says is the focus of their practice.  *See* https://www.howarth-smith.com/.  In any event, "[a] fee applicant should [not] be rewarded for hiring expensive legal counsel."  *Albion Pac. Prop. Res., LLC v. Seligman*, 329 F. Supp. 2d 1163, 1170 (N.D. Cal. 2004).

Given Plaintiffs' lack of evidence as to what other attorneys in the Central District charge for this type of work, they have "failed to meet their burden of establishing that their hourly rates . . . are reasonable in light of prevailing rates in the Central District of California." *Abrego*, 2017 WL 3453293, at *5; *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1206 (9th Cir. 2013) ("the fee applicant has the burden of producing satisfactory evidence that the rates he requests meet these standards") (quotations omitted).

The 2018 "Los Angeles CA" section of the Real Rate Report shows that for general liability attorneys[4] at firms of 50 lawyers or fewer, the rates were a fraction of those claimed by Plaintiffs' counsel:

| 2018 Los Angeles Real Rates | | |
|---|---|---|
| | Median | Third Quartile |
| Partners | $263 | $350 |
| Associates | $200 | $253 |

Manakides Decl. Ex. B (2018 Real Rate Report) at 116. The Report states that "the costs associated with the firm's support network" including "paralegals, clerks" are factored into the firm's "overhead," which serves to drive the attorneys' rates. *Id.* (2018 Real Rate Report) at 5. Under similar circumstances in a wrongful death action, the *Abrego* court found the Real Rate Report is "persuasive here, as it is based on actual legal billing, matter information, and paid and processed invoices . . . not just on posted or advertised rates." *Abrego*, 2017 WL 3453293, at *6 (wrongful death suit applying a rate of $200 for an associate attorney, and $400 for a partner who was "well renowned in the legal community" and had a "lengthy career").

Given Plaintiffs' lack of evidence that their claimed rates are the prevailing rates for this type of work in Los Angeles, the Court should award fees (if any) based on the far more reasonable amounts found in the Real Rate Report, and amounts billed by counsel's paralegal and law clerk should be excluded as overhead.

### 3.     Plaintiffs' Counsels' Claimed Number of Hours Is Unreasonable

Plaintiffs' counsel seek fees for a staggering 491 hours of legal work, ostensibly in connection with their motion to remand. ECF No. 66-6. To put this in perspective, this amounts to *more than twelve* consecutive 40-hour weeks. The Court should reduce this number to a reasonable amount.

---

[4] The Real Rate Report includes "Fire," "Mass Tort," and "Personal Injury/Wrongful Death" under the heading of "General Liability." Manakides Decl. Ex. B (2018 Real Rate Report) at 169. No report from 2019 was available, and the mid-year 2020 report did not include a fee breakdown by law firm size.

To calculate the lodestar amount, the Court must determine the number of hours "reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). Thus, "[a] district court can reduce a lawyer's request for duplicative or unnecessary work, and it can impose up to a 10 percent reduction without explanation." *Chaudhry,* 751 F.3d at 1111.

In addition, § 1447(c) limits the award of attorneys' fees to only those "incurred as a result of the removal"—it is not a blanket award of all attorneys' fees while the case was in federal court. The Ninth Circuit has held that under § 1447(c), "fees and costs incurred in federal court after a removal [that] may be related only tenuously to the removal, [such as] fees and costs that would have been incurred in state court if the litigation had proceeded there" are not recoverable. *Baddie*, 64 F.3d at 490. To the contrary, this statute allows recovery of fees for "filing [the] motion to remand and accompanying reply brief." *Wong v. Costco Wholesale Corp.*, 2019 WL 446226, at *2 (C.D. Cal. Feb. 5, 2019); *Traeger Grills E., LLC v. Traeger Pellet Grills, LLC*, 2012 WL 860420, at *1 (D. Or. Mar. 13, 2012) (fees allowed "for services rendered in connection with the motion to remand"); *Ug v. Mortg. Lender Servs., Inc.*, 2010 WL 3464421, at *2 (N.D. Cal. Sept. 1, 2010) (awarding fees for "drafting the motion to remand" and reducing number of hours as "excessive").

*First*, a detailed review of Plaintiffs' claimed attorneys' fees is made impossible by the fact that Plaintiffs' counsel block billed their time—aggregating unrelated tasks under a single time entry, rather than specifying how much time was spent on each individual task. ECF No. 66-6. Under similar circumstances, the Ninth Circuit has held that "[i]t was reasonable for the district court to conclude that [the plaintiff] failed to carry her burden, because block billing makes it more difficult to determine how much time was spent on particular activities." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (holding that court could reduce block billed time); *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (holding that a district court may reduce hours to offset "poorly documented" billing). In this case, the Court should find that

Plaintiffs failed to carry their burden or at a minimum, substantially reduce any fee award accordingly.

*Second*, Plaintiffs' supporting time sheet shows that they seek fees for tasks that are "related only tenuously to the removal," many of which "would have been incurred in state court if the litigation had proceeded there." *Baddie*, 64 F.3d at 490. These tasks include "preparation of client status letters," "letter to [co-defendant] SCE regarding meet and confer," "Prepare for and meeting with counsel for Boeing, settlement negotiations," "work re initial status conference report," "Work on issues re Boeing . . . liability" and "work re: updates to case file with pleadings." ECF No. 66-6. Plaintiffs also seek fees for time spent preparing their "initial Disclosures," drafting a "motion for temporary relief from service of summons," and time spent planning an unfiled "motion to strike [Boeing's] answer." *Id*. Moreover, if it is true, as Plaintiffs claim, that the removal of the original complaint was clearly foreclosed by controlling case law, there is no basis to award tens of thousands of dollars in fees for Plaintiffs' counsel to "review 5,000 pages of government contracts" or develop any arguments that did not relate to the legal issue of which complaint controls. *Id*.; *see Dietrich v. Autozone West, Inc.*, 2019 WL 5565979, at *10 (C.D. Cal. Oct. 28, 2019) (finding that ten hours was reasonable for "drafting the Motion and preparing the supporting materials" and reviewing "the thousands of pages filed by [defendant] in support of its removal").

*Third*, Plaintiffs' counsel's time entries show duplication and excess. For instance, Plaintiffs seek to recover for more than eighteen hours spent "reviewing," "editing" and "revising" the motion to remand—in addition to the substantial time they billed to actually draft it. ECF No. 66-6. And they seek to recover for more than 57 hours over the two weeks from June 24, 2019 to July 8, 2019, that they claim to have spent drafting their reply brief. *Id. Cf. Lopez v. Pfeffer*, 2013 WL 5367723, at *5 (N.D. Cal. Sept. 25, 2013) (finding that **12.5 hours** was reasonable for fee award upon remand). The Court should drastically cut all of Plaintiffs' time entries as "duplicative

or unnecessary" to produce a fee award (if one is granted) that is reasonable. *Chaudhry*, 751 F.3d at 1111 (9th Cir. 2014).

  *Last*, Plaintiffs make no attempt to explain how they came up with a $150,000 request for attorneys' fees. The time sheet they submitted bears no relationship to this number, and as discussed above, it is not limited to fees for their successful motion to remand. As a result, Plaintiffs' counsel have essentially requested a flat fee award, which is barred by Ninth Circuit precedent requiring the lodestar method. *Camacho*, 523 F.3d at 982 ("the district court erred by awarding a 'flat award'").

### 4. Proper Lodestar Calculation

  If the Court were to award fees, it should cut Plaintiffs' counsel's rates to conform with reasonable rates in Los Angeles, cut Plaintiffs' counsel's number of hours to a reasonable number, and exclude hours for the many unrecoverable tasks discussed above. Any amount awarded should track the awards granted under similar circumstances in the Ninth Circuit, to be considered reasonable. *See White v. Santa Clara Valley Water Dist.*, 2020 WL 6561358, at *9 (N.D. Cal. Nov. 9, 2020) (awarding **$9,520** in attorneys' fees for "reviewing [defendant's] notice of removal and preparing the present motion for remand" and "reviewing [defendant's] opposition and preparing a reply"); *Dietrich*, 2019 WL 5565979, at *10 (finding that ten hours at an hourly rate of $350 was reasonable for "drafting the Motion and preparing the supporting materials" and reviewing "the thousands of pages filed by [defendant] in support of its removal" and awarding **$3,500** in attorneys' fees); *Wong*, 2019 WL 446226, at *2 (awarding **$4,500** in attorneys' fees for "filing [] motion to remand and accompanying reply brief"); *Lopez*, 2013 WL 5367723, at *5 (awarding **$6,187.50** in attorneys' fees); *John B. Schlaerth MD v. Spirtos*, 308 F. App'x 196, 197 (9th Cir. 2009) (affirming "district court's order awarding **$9,248** in attorneys' fees and $212.50 in costs . . . for improperly removing this case to federal court"); *Ug*, 2010 WL 3464421, at *3 ("Including the costs of $294, the total award to plaintiff will be **$6,314**.") (emphasis added).

Plaintiffs' submission is nowhere near the ballpark of what is reasonable—they prevailed on a single motion to remand just three months after Boeing removed the case. Plaintiffs are claiming more fees for the work of their law clerk ($6,525) and paralegal ($7,437.50) alone than the total fee award in most of the recent cases above, which involved similar practice areas and issues. ECF No. 66-6. Plaintiffs have not met their burden of showing a reasonable fee amount. Should the Court decide otherwise, it should cut Plaintiffs' counsel's calculations to conform with reasonable fees awarded in these similar cases.

## V.   CONCLUSION

Plaintiffs' Motion for Fees is untimely by more than a year, and Plaintiffs cannot cite any controlling authority that foreclosed Boeing's removal. This Court has already considered an award of attorneys' fees once based on the same facts and law Plaintiffs rely on now, and it correctly recognized that the legal question presented by Boeing's removal is an interesting issue of first impression. The Court should deny Plaintiffs' Motion in full.

Dated: January 11, 2021             GIBSON, DUNN & CRUTCHER LLP


                                    By: */s/ Thomas A. Manakides*
                                        Thomas A. Manakides

                                    Attorneys for THE BOEING COMPANY

Gibson, Dunn &
Crutcher LLP